PER CURIAM.
11 Writ granted. Relator is presently serving a sentence of life imprisonment without possibility of parole for a second degree murder committed in 1976 when he was 17 years old. The sentence was mandated by the penalty provision of the statute establishing the offense. R.S. 14:30.1. In 2011, relator filed a motion to correct an *107 illegal sentence in which he contended that a sentence of life imprisonment without parole for a juvenile offender is no longer constitutionally permissible under developing legal standards, and in particular in light of Graham v. Florida, 560 U.S.-, 180 S.Ct. 2011, 176 L.Ed.2d 825 (2010) (Eighth Amendment precludes sentencing juvenile offenders to life imprisonment without parole for non-homicide crimes). The district court (Johnson, J) denied relief. While review of that judgment was pending, the United States Supreme Court determined that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment’s prohibition on “cruel and unusual punishments”. Miller v. Alabama, 567 U.S.-, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012). Unlike the case in Graham, the Miller court did not establish a categorical prohibition against life without parole for juveniles but instead required that a sentencing court consider an offender’s youth and attendant characteristics as mitigating circumstances before |2deciding whether to impose the harshest possibly penalty for juveniles. Therefore, we grant to remand to the district court to reconsider the sentence after conducting a new sentencing hearing in accordance with the principles enunciated in Miller v. Alabama.