SAUNDERS, Judge.
I,The Defendant, Darnell Huntley, who was a juvenile at the time of the offense, was convicted of first degree murder on September 30, 1982, and sentenced to life imprisonment at hard labor without benefit of probation, parole, suspension, or commutation of sentence.[1] On appeal, the Defendant’s conviction was affirmed, but his sentence was vacated and the matter remanded for resentencing to life imprisonment at hard labor without benefit of probation, parole, or suspension of sentence. State v. Huntley, 438 So.2d 1188 (La.App. 3 Cir.1983), writ denied, 443 So.2d 1115 (La.1984).
The Defendant filed a motion to correct illegal sentence on July 25, 2012. Therein, he alleged his automatic sentence of life imprisonment without benefit of probation, parole, or suspension of sentence while under the age of eighteen was a violation of the ruling in Miller v. Alabama, 567 U.S.-, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012).
In Miller, the Supreme Court held that a defendant under the age of eighteen could not automatically be sentenced to life imprisonment without parole. Instead, the sentencing court must hold a hearing to consider mitigating factors, such as the *97 defendant’s youth, before imposing this severe penalty.
A hearing on the motion was held on January 14, 2013, and the trial court found the ruling in Miller applied retroactively to the Defendant. Resentencing of the Defendant was set for March 25, 2013. The State subsequently noticed its intent to seek supervisory review of the trial court’s ruling and requested a stay of the proceedings. The request for a stay was denied.
li>The State filed a notice of intent to seek supervisory writs on January 17, 2013. A writ application was received by this court on February 7, 2013. Therein, the State asserts the trial court incorrectly found that Miller applied retroactively on collateral review under the primary conduct exception of Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989). In its writ application, the State asked this court to grant its writ application, stay the scheduled sentencing hearing, and set this matter for oral argument.
This matter was granted to the docket on March 21, 2013. The State and the Defendant have filed additional briefs in this matter. Oral argument were heard on May, 29, 2013.

DISCUSSION OF THE MERITS:

In its writ application, the State contended the trial court incorrectly found that Miller v. Alabama, 567 U.S.-, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), applied retroactively on collateral review. We agree.
 In State ex rel. Taylor v. Whitley, 606 So.2d 1292, 1292-93 (La.1992), cert. denied, 508 U.S. 962, 113 S.Ct. 2935, 124 L.Ed.2d 684 (1993), the supreme court held the standards for retroactivity set forth in Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334, apply to all cases on collateral review in Louisiana.
The Teague inquiry is conducted in three steps. First, the date on which the defendant’s conviction became final is determined. Lambrix v. Singletary, 520 U.S. 518, 527, 117 S.Ct. 1517, 1524, 137 L.Ed.2d 771 (1997). Next, the habe-as court considers whether “ ‘a state court considering [the defendant’s] claim at the time his conviction became final would have felt compelled by existing precedent to conclude that the rule [he] seeks was required by the Constitution.’ ” Ibid, (quoting Saffle v. Parks, 494 U.S. 484, 488, 110 S.Ct. 1257, 1260, 108 L.Ed.2d 415 (1990)) (alterations in Lambrix). If not, then the rule is new. If the rule is determined to be new, the final step in the Teague analysis requires the court to determine whether the rule nonetheless falls within one of the two narrow exceptions to the Teague doctrine. 520 U.S., at 527, 117 S.Ct., at |s1524-1525. The first, limited exception is for new rules “forbidding criminal punishment of certain primary conduct [and] rules prohibiting a certain category of punishment for a class of defendants because of their status or offense.” Penry v. Lynaugh, 492 U.S. 302, 330, 109 S.Ct. 2934, 2953, 106 L.Ed.2d 256 (1989). The second, even more circumscribed, exception permits retroactive application of “watershed rules of criminal procedure implicating the fundamental fairness and accuracy of the criminal proceeding.” Graham [v. Collins, 506 U.S. 461, 113 S.Ct. 892, 122 L.Ed.2d 260 (1993) ], supra, at 478, 118 S.Ct., at 903 (quoting Teague, supra, at 311, 109 S.Ct., at 1075) (internal quotation marks omitted). “Whatever the precise scope of this [second] exception, it is clearly meant to apply only to a small core of rules requiring observance of those procedures that ... are implicit in the concept of ordered liberty.” Graham, su *98 pra, at 478, 113 S.Ct., at 903 (internal quotation marks omitted).
O’Dell v. Netherlands 521 U.S. 151, 156-57, 117 S.Ct. 1969, 1973, 138 L.Ed.2d 351 (1997).
Miller was decided after the Defendant’s conviction became final in 1984, and the Defendant sought retroactive application of Miller in his collateral attack upon his sentence. The trial court found Miller applied retroactively, stating:
With regard to whether or not this new rule as I described in the combined cases of Miller v. Alabama and Kuntrell Jackson v. Ray Hobbs, as to whether or not this rule is substantive or procedural, this is what I understand the criteria to be. A rule is substantive rather than procedural if it alters the range of conduct or the class of persons that the law punishes. However, as I look at it there are really two parts of this: if the rule decriminalizes a class of conduct or prohibits the imposition of punishment on a particular class of persons.
I will agree that this new rule has not decriminalized a class of conduct. The second part is very significant. The question is: does this new rule prohibit the imposition of a particular kind of punishment on a particular class of people. The Supreme Court for many, many, many, many, many, many years has said death is different. Death is different. In this case, the Miller case, the author of the opinion took great pains to write that life for a juvenile is the functional equivalent of death for an adult. It is a more substantive, more onerous penalty for a juvenile to get life than for an adult to get life.
So thus, if I am to consider the penalty in this case, juvenile life has [sic] the functional equivalent of death for an adult, then it has proscribed, removed a particular kind of penalty being applied to a particular class of offenders. Thus, it’s retroactive.

\JJnited States Supreme Court

In Jackson v. Hobbs, which was consolidated with Miller, the defendant was convicted of felony murder and aggravated robbery, which he committed when he was fourteen years old. Following the Supreme Court’s opinion in Roper v. Simmons, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005), which invalidated the death penalty for all juvenile offenders under the age of eighteen, Jackson filed a state petition for habeas corpus arguing that a mandatory sentence of life without parole for a fourteen-year-old also violated the Eighth Amendment. While the ruling was on appeal, the Supreme Court issued its opinion in Graham v. Florida, 560 U.S. 48, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), in which it found that a sentence of life without parole imposed upon juvenile non-homicide offenders violated the Eighth Amendment. Thereafter, the Supreme Court granted relief to Jackson on collateral review.
In Teague, 489 U.S. at 300, 109 S.Ct. 1060, the Supreme Court stated: “once a new rule is applied to the defendant in the case announcing the rule, evenhanded justice requires that it be applied retroactively to all who are similarly situated.” In Penry v. Lynaugh, 492 U.S. 302, 313, 109 S.Ct. 2934, 2944, 106 L.Ed.2d 256 (1989), abrogated on other grounds by Atkins v. Virginia, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002), the Supreme Court subsequently stated: “Under Teag-ue, new rules will not be applied or announced in cases on collateral review unless they fall into one of two exceptions [specified in Teague ].” However, in Tyler, 533 U.S. at 663, 121 S.Ct. 2478 (footnote omitted), which involved the filing of a second habeas corpus application under *99 the IfiAntiterrorism and Effective Death Penalty Act of 1996 (AEDPA), the Supreme Court stated:[2]
The only way the Supreme Court can, by itself, “lay out and construct” a rule’s retroactive effect, or “cause” that effect “to exist, occur, or appear,” is through a holding. The Supreme Court does not “ma[k]e” a rule retroactive when it merely establishes principles of retroac-tivity and leaves the application of those principles to lower courts. In such an event, any legal conclusion that is derived from the principles is developed by the lower court (or perhaps by a combination of courts), not by the Supreme Court.[4] We thus conclude that a new rule is not “made retroactive to cases on collateral review” unless the Supreme Court holds it to be retroactive.
[[Image here]]
We further note that our interpretation is necessary for the proper implementation of the collateral review structure created by AEDPA.
The Supreme Court later noted that multiple cases could make a new rule retroactive, but only if the holdings in those cases necessarily dictated retroactivity of the new rule. Id. at 666, 121 S.Ct. 2478.
We find that the case at bar is distinguishable from Tyler. The Defendant in the case at bar has not filed a habeas claim governed by the AEDPA.
| ⅛Federal Appellate Courts
In Craig v. Cain, 2013 WL 69128 (5th Cir.2013), the United States Fifth Circuit held that Miller established a new rule.[3] However, that new rule did not apply retroactively, as the Miller decision did not categorically bar all sentences of life imprisonment for juveniles. Additionally, the decision did not qualify as a watershed rule of criminal procedure, as it was an outgrowth of the Supreme Court’s prior decisions that relate to individualized sentencing determinations.
In People v. Carp, 307,758 (11/15/12), 298 Mich.App. 472, 828 N.W.2d 685, a Michigan appellate court held that Miller should not be applied retroactively to cases already final on appeal when the Miller decision was rendered. The court analyzed the retroactivity question under Teague and the Michigan state standard and found that Miller dealt exclusively with sentencing; therefore, it was procedural and not substantive in nature and did not comprise a watershed rule.
The Michigan appellate court also stated the mere fact that the Supreme Court remanded Jackson’s case for resentencing did not constitute a ruling or determination on retroactivity. The court then set forth the following:
The only way the Supreme Court can, by itself, “lay out and construct” a *100 rule’s retroactive effect, or “cause” that effect “to exist, occur, or appear,” is through a holding. The Supreme Court does not “ma[k]e” a rule retroactive when it merely establishes principles of retroactivity and leaves the application of those principles to lower courts. In such an event, any legal conclusion that is derived from the principles is developed by the lower court (or perhaps by a combination of courts), not by the Supreme Court. We thus conclude that a new rule is not “made retroactive to cases on collateral review” unless the Supreme Court holds it to be retroactive! ]
[Tyler v. Cain, 583 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001) (footnotes omitted).]
|7In addition:
[T]he nonretroactivity principle prevents a federal court from granting habeas corpus relief to a state prisoner based on a rule announced after his conviction and sentence became final. A threshold question in every habeas case, therefore, is whether the court is obligated to apply the Teague rule to the defendant’s claim. We have recognized that the nonretroactivity principle “is not ‘jurisdictional’ in the sense that [federal courts] ... must raise and decide the issue sua sponte.” Thus, a federal court may, but need not, decline to apply Teague if the State does not argue it. But if the State does argue that the defendant seeks the benefit of a new rule of constitutional law, the court must apply Teague before considering the merits of the claim! ]
[Caspari v. Bohlen, 510 U.S. 383 at 389, 114 S.Ct. 948, 127 L.Ed.2d 236 (1994) (citations omitted, emphasis in original).]
This is consistent with the Court’s determination in Schiro v. Farley, which provides:
Nevertheless, the State failed to argue Teague in its brief in opposition to the petition for a writ of certiorari. In deciding whether to grant certiora-ri in a particular case, we rely heavily on the submissions of the parties at the petition stage. If, as in this case, a legal issue appears to warrant review, we grant certiorari in the expectation of being able to decide that issue. Since a State can waive the Teague bar by not raising it, and since the propriety of reaching the merits of a dispute is an important consideration in deciding whether or not to grant certiorari, the State’s omission of any Teague defense at the petition stage is significant. Although we undoubtedly have the discretion to reach the State’s Teague argument, we will not do so in these circumstances!]
[Schiro v. Farley, 510 U.S. 222, 229, 114 S.Ct. 783, 127 L.Ed.2d 47 (1994) (citations omitted).]
In Jaclcson, because the State did not raise the issue of retroactivity, the necessary predicate for the Court to resolve the question of retroactivity was waived. Hence, merely because Jackson was before the Court on collateral review is not dispositive on the issue of retroactivity.
UCary, 828 N.W.2d 685, 712-13.
In People v. Morfin, 1-10-3568 (Ill.App. 1 Dist. 11/30/12), 367 Ill.Dec. 282, 981 N.E.2d 1010, the Illinois appellate court held that Miller created a new substantive rule and applied retroactively, as Miller required Illinois courts to hold a sentencing hearing for every minor convicted of first degree murder at which a sentence other than natural life imprisonment must be available for consideration. The appellate court noted that its decision was rein *101 forced by the fact that, in Miller, Jackson was before the Supreme Court on collateral review and received the same relief that Miller did. The appellate court stated: “the relief granted to Jackson in Miller tends to indicate that Miller should apply retroactively on collateral review.”
In People v. Williams, 1-11-1145, 1 — 11— 2251 (Ill.App. 1 Dist. 12/12/12), 367 IlLDec. 503, 982 N.E.2d 181, the Illinois appellate court held the decision in Miller constituted a substantial change in the law and was a watershed rule of criminal procedure. The appellate court further stated:
It is instructive that the Miller companion case, Jackson v. Hobbs, arising on collateral review, involved a life-without-parole-sentence heretofore final. Notwithstanding its finality, the Supreme Court of the United States in effect retroactively applied Miller and vacated Jackson’s sentence. “[0]nce a new rule is applied to the defendant in the case announcing the rule, evenhanded justice requires that it be applied retroactively to all who are similarly situated.” Teague, 489 U.S. at 300, 109 S.Ct. 1060. The Miller case held under the eighth amendment that it is cruel and unusual punishment to impose a mandatory life sentence without parole to a special class — juveniles. It would also be cruel and unusual to apply that principle only to new cases. We therefore hold that the Court’s holding in Miller should be retroactively applied.
Id. at 197.

Louisiana Supreme Court

In State v. Simmons, 11-1810, pp. 1-2 (La.10/12/12), 99 So.3d 28, 28, our supreme court stated the following:
1 gRelator is presently serving a sentence of life imprisonment at hard labor without possibility of parole for a second degree murder committed in 1995 when he was 17 years old. The sentence was mandated by the penalty provision of the statute establishing the offense. La. R.S. 14:30.1(B). In 2011, relator filed a motion to correct an illegal sentence in which he contended that a sentence of life imprisonment without parole for a juvenile offender is no longer constitutionally permissible under developing legal standards, and in particular in light of Graham v. Florida, 560 U.S. [48], 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010) (Eight Amendment precludes sentencing juvenile offenders to life imprisonment without parole for non-homicide crimes). The district court denied relief. While review of that judgment was pending, the United States Supreme Court determined that mandatory life imprisonment without parole for those offenders under the age of 18 years at the time they committed a homicide offense violates the Eighth Amendment prohibition of “cruel and unusual punishments.” Miller v. Alabama, 567 U.S.-,-, 132 S.Ct. 2455, 2466, 183 L.Ed.2d 407 (2012). Unlike the case in Graham, the Miller court did not prohibit life imprisonment without parole for juveniles, but instead required that a sentencing court consider an offender’s youth and attendant characteristics as mitigating circumstances before deciding whether to impose the harshest possible penalty for juveniles who have committed a homicide offense. Therefore, we grant to remand to the district court for reconsideration after conducting a sentencing hearing in accord with the principles enunciated in Miller and stating the reasons for reconsideration and sentencing on the record. *102 Relator is presently serving a sentence of life imprisonment without possibility of parole for a second degree murder committed in 1976 when he was 17 years old. The sentence was mandated by the penalty provision of the statute establishing the offense. R.S. 14:30.1. In 2011, relator filed a motion to correct an illegal sentence in which he contended that a sentence of life imprisonment without parole for a juvenile offender is no longer constitutionally permissible under developing legal standards, and in particular in light of Graham v. Florida, 560 U.S. [48], 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010) (Eighth Amendment precludes sentencing juvenile offenders to life imprisonment without parole for non-homicide crimes). The district court (Johnson, J) denied relief. While review of that judgment was pending, the United States Supreme Court determined that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment’s prohibition on “cruel and unusual punishments”. Miller v. Alabama, 567 U.S. -, 132 S.Ct. 2455, 2458, 183 L.Ed.2d 407 (2012). [inUnlike the case in Graham, the Miller court did not establish a categorical prohibition against life without parole for juveniles but instead required that a sentencing court consider an offender’s youth and attendant characteristics as mitigating circumstances before deciding whether to impose the harshest possibly penalty for juveniles. Therefore, we grant to remand to the district court to reconsider the sentence after conducting a new sentencing hearing in accordance with the principles enunciated in Miller v. Alabama.
*101 In State ex rel. Landry v. State, 11-796 (La.1/18/13), 106 So.3d 106, our supreme court stated:

. We note that the minutes of court dated January 24, 1983, state the Defendant was convicted of second degree murder.

 Similarly, the Supreme Court does not make a rule retroactive through dictum, which is not binding. Cf. Seminole Tribe of Fla. v. Florida, 517 U.S. 44, 67, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996) (contrasting dictum with holdings, which include the final disposition of a case as well as the preceding determinations "necessary to that result” (emphasis added)).

. AEDPA § 2244(b)(2)(A) covers claims that
"rel[y] on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.” This provision establishes three prerequisites to obtaining relief in a second or successive petition: First, the rule on which the claim relies must be a "new rule” of constitutional law; second, the rule must have been “made retroactive to cases on collateral review by the Supreme Court”; and third, the claim must have been "previously unavailable.”
Tyler, 533 U.S. at 662, 121 S.Ct. 2478.

. This case can be found at the following citation: 2013 WL 69128.