Kirpalani, Maynard M., J.
In 1989, the defendant, Joshua Halbert (“Halbert”) was convicted of first degree murder under G.L.c. 265, §1, “by special verdicts on theories of deliberate premeditation, extreme atrocity or cruelty, and felony-murder by joint venture.” Commonwealthv.Halbert, 410Mass. 534, 534 (1991); see id. at 535-36 (setting out facts); id. at 539 (noting “the extreme brutality of the crime” for which defendant was convicted). The court (Ronan, J.) sentenced Halbert to the statutorily mandated sentence of life without the possibility of parole. See G.L.c. 265, §2. Halbert was sixteen years old at the time he committed the murder, and he has served approximately twenty-four years of his life sentence.
This action is before the court on Halbert’s Motion for Immediate Correction of Unlawful Sentence[1] and the Commonwealth’s motion to stay action on this motion. For the following reasons, Halbert’s motion is ALLOWED and the Commonwealth’s motion is DENIED.
DISCUSSION
In June 2012, the United States Supreme Court decided Miller v. Alabama, 132 S.Ct. 2455 (2012), holding “that mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment’s prohibition on ‘cruel and unusual punishments.’ ” Id. at 2460. In so holding, the Court rejected the argument “that the Eighth Amendment requires a categorical bar on life without parole for juveniles,” but acknowledged that “appropriate occasions for sentencing juveniles to this harshest possible penalty will be uncommon." Id. at 2469. Instead, the Court’s decision “mandates that a sentencer follow a certain process—considering an offender’s youth and attendant characteristics—before imposing a particular penalty.” Id. at 2471. The Court set out those factors for a “sentencer” to con *410 sider when determining the proper penalty to impose on a convicted first degree murderer who was under the age of eighteen at the time of the crime. See id. at 2468.[2]
In Massachusetts, a defendant convicted of murder in the first degree under G.L.c. 265, §1, faces a mandatory sentence of life without parole under G.L.c. 265, §2.[3] In the absence of appellate precedent or legislative action, other justices of the Superior Court have held that the effect of Miller is to render unconstitutional that portion of G.L.c. 265, §2, insofar as it mandates the elimination of parole for an offender convicted of first degree murder, if the offender was under eighteen at the time of the crime. See Commonwealth v. Jackson, SUCR2002-10303, slip op. at 2-3 (Suffolk Super. Ct. Jan. 18, 2013) (Brady, J.); Commonwealth v. Brown, MICR2009-00963, slip op. at 2-3 (Middlesex Super. Ct. Nov. 20, 2012) (Budd, J.); Commonwealth v. Peirce, MICR2010-01188, slip op. at 3 (Middlesex Super. Ct. Nov. 7, 2012) (Tuttman, J.); Commonwealth v. Bizzarro,[4] BRCR2010-00325, slip op. at 1 (Bristol Super. Ct. Aug. 29, 2012) (Garsh, J.).[5] The latter three cases presented a different procedural posture than the case currently before this court: in Peirce and Bizzarro, the issue of Miller arose prior to the defendants’ trials;[6] in Brown, the Miller issue arose after the defendant’s trial but prior to sentencing.[7]
The defendant in Jackson is also in a different position than Halbert is in this case. There, the Miller issue arose in the defendant’s new trial after the defendant’s 2006 trial, conviction, and sentencing. See Jackson, MICR2009-00963, slip op. at 1-2. The court held that the defendant would be eligible for parole after serving fifteen years,[8] which he had not yet done; “[a]bsent a change in the statutes enacted by the legislature, or some further clarification by the Supreme Judicial Court, the defendant will eventually be parole eligible and his hearing shall be conducted pursuant to the provisions of G.L.c. 127, §133A.” Jackson, SUCR2002-10303, slip op. at 3.
The issue of retroactivily was not before the court in Jackson because the defendant’s direct appeal to the Supreme Judicial Court was pending at the time Miller was decided. See Teague u. Lane, 489 U.S. 288, 303 (1989) (“[N]ew rules should always be applied retroactively to cases on direct review . . .”); see, e.g., Commonwealth v. Emeny, 463 Mass. 138, 145 n.9 (2012) (holding that defendant received benefit of decisions “because his case was awaiting appellate review when those cases were decided”). Conversely, here, the judgment in this case is final, and the review that Halbert seeks is collateral.
Massachusetts has adopted the rule of retroactivity the United States Supreme Court set out in Teague v. Lane, 489 U.S. 288 (1989). See Commonwealth v. Bray, 407 Mass. 296, 300-01 (1990) (adopting Teague rule); see also Commonwealth v. Melendez-Diaz, 460 Mass. 238, 248 (2011) (reaffirming adoption of Teague rule). The Court in Teague held that a case announcing a new rule[9] “generally should not be applied retroactively to cases on collateral review” unless (1) “it places ‘certain kinds of primary, private individual conduct beyond the power of the criminal law-making authority to proscribe!,]’ ” or (2) “it requires the observance of ‘those procedures that . . . are ’’implicit in the concept of ordered liberty." ’ “ 489 U.S. at 305, 307 (ellipses in original) (citations omitted). The second exception is ’’reserved for watershed rules of criminal procedure],]" id. at 311, “and has never been applied by the Supreme Court.” Commonwealth v. Clarke, 460 Mass. 30, 34 n.8 (2011), abrogated on other grounds by Chaidez v. United States, 133 S.Ct. 1103, 1107 (Feb. 20, 2013) (resolving split among federal and state courts and holding that Padilla v. Kentucky, 559 U.S. 356 (2010), does not apply retroactively).
The first exception applies if the new rule places individual conduct “outside the realm of criminal behavior.” Id., citing Teague, 489 U.S. at 311. Miller does not decriminalize murder if the offender is under the age of eighteen at the time he committed the crime, but it does place a limit on the extent of that offender’s punishment by rendering unconstitutional the mandatory elimination of parole eligibility. See 132 S.Ct. at 2460; see, e.g.',' Schriro v. Summerlin, 542 U.S. 348, 352 (2004) (holding that first Teague exception applies to “constitutional determinations that place particular conduct or persons covered by the statute beyond the State’s power to punish” because without retroactive application, there is “ ‘a significant risk that a defendant’... faces a punishment that the law cannot impose upon him”). The court therefore anticipates that the Supreme Judicial Court will apply Miller retroactively to cases on collateral review.[10] Contra Melendez-Diaz, 460 Mass, at 239-40, 243 n.7 (holding that Melendez-Diaz v. Massachusetts, 129 S.Ct. 2527 (2009), announced “ ‘new’ rule within the meaning of’ Teague, but that new rule was not available “to the defendant in this [collateral] appeal from the denial of his motion for a new trial” because neither Teague exception applied).
Diatchenko v. District Attorney for the Suffolk District, SJC-11453, is scheduled for argument in the Supreme Judicial Court on September 4, 2013. The Justices solicited amicus briefs on the topic of whether Miller “applies to the petitioner in this case, who as a juvenile committed murder in the first degree and was tried, convicted, and sentenced to a mandatory life term without the possibility of parole before [Miller] was decided . . . , and who remains incarcerated on that conviction and sentence . . .” Diatchenko, SJC-11453, Paper #3 (May 24, 2013); see Commonwealth v. Diatchenko, 387 Mass. 718, 729 (1982) (affirming defendant’s conviction on direct review).[11] The matter of retroactivity will therefore be relevant to the Court’s analysis because, like Halbert here, the petitioner’s case is final. The Commonwealth urges this court to *411 stay its consideration of Halbert’s sentencing arguments while that case is pending.[12]
Based on this court’s conclusion that Miller applies retroactively to defendants seeking collateral review, however, Halbert’s sentence, as it currently stands, is unconstitutional. A stay of any action on Halbert’s motion to correct that sentence would therefore not be appropriate.[13] Accordingly, the defendant’s motion for immediate correction of unlawful sentence is accordingly ALLOWED, and the Commonwealth’s motion for a stay is DENIED. The defendant’s mittimus shall be corrected to read that he is eligible for parole after fifteen years pursuant to G.L.c. 127, §133A (2011). See supra n. 8.
The court premises this decision on the condition that it will be consistent with the Supreme Judicial Court’s decisions in the two pending appeals. In the event that the Supreme Judicial Court concludes that Miller does not apply retroactively to defendants on collateral review such as Halbert, or does conclude that Miller applies but also requires that the sentencing court hold a hearing to determine whether to eliminate a defendant’s parole eligibility, see supra n.2, this court will conduct a sua sponte-[14] reconsideration of this matter in order to conform to the Supreme Judicial Court’s holding(s).
ORDER
For the foregoing reasons, Halbert’s motion for correction of sentence is ALLOWED and the Commonwealth’s motion for a stay is DENIED. The defendant’s mittimus shall be corrected to read that he is eligible for parole after fifteen years pursuant to G.L.c. 127, §133A (2011).

Halbert should have brought his motion under Mass.R.Crim.P. 30(a), which provides:
Any person who is imprisoned or whose liberty is restrained pursuant to a criminal conviction may at any time, as of right, file a written motion requesting the trial judge to release him or her or to correct the sentence then being served upon the ground that the confinement or restraint was imposed in violation of the Constitution or laws of the United States or of the Commonwealth of Massachusetts.
See Commonwealth v. Hill, 79 Mass.App.Ct. 806, 809 (2011) (noting that Rule 30(a) “is, among other things, the ordinary mechanism for bringing collateral challenges to ‘final’ sentences”).

N'he factors are: (1) the defendant’s “chronological age and its hallmark features—among them, immaturity, impetuosity, and failure to appreciate risks and consequences”!;] (2) the defendant’s “family and home environment that surrounds him”!;] (3) “the circumstances of the homicide offense, including the extent of his participation in the conduct and the way familial and peer pressures may have affected him”!;] (4) whether the defendant “might have been charged and convicted of a lesser offense if not for incompetencies associ- ' ated with youth—for example, his inability to deal with police officers or prosecutors ... or his incapacity to assist his own attorneys”!;] and (5) “the possibility of rehabilitation . . .” Id. at 2468.

“Any other person who is guilty of murder in the first degree shall be punished by imprisonment in the state prison for life ... No person shall be eligible for parole under section one hundred and thirty-three A of chapter one hundred and twenty-seven while he is serving a life sentence for murder in the first degree . . .”

N'his decision addressed the defendant’s motion to dismiss in addition to the Commonwealth’s motion to stay, and the court denied both motions. From the docket of the Supreme Judicial Court, it appears that the Commonwealth filed a petition to a single justice pursuant to G.L.c. 211, §3, seeking relief from the court’s denial of its motion to stay. The single justice (Botsford, J.) denied relief without a hearing on March 12, 2013.

In each of these decisions, the court held that requiring the sentencing court to hold an individualized hearing as described in Miller, 132 S.Ct. at 2468, 2471, would effectively rewrite G.L.c. 265, §2, an action that would exceed judicial authority as only the Legislature can amend statutes. See Jackson, SUCR2002-10303, slip op. at 2; Brown, MICR2009-00963, slip op. at 4; Peirce, MICR2010-01188, slip op. at 5-6; Bizzarro, BRCR2010-00325, slip op. at 1-2.

According to the docket for Peirce, the defendant pled guilty to, inter alia, a lesser charge of manslaughter and was sentenced (Tuttman, J.) to MCI Cedar Junction for a term not less than seventeen years or exceeding twenty years. According to the docket for Bizzarro, the defendant has not yet been tried; at a status conference on May 7, 2013 (Dupuis, J.), it appears that the matter for discussion was “appeal pending in SJC[,]” but the case is still classified as “Active.” See supra n.4.

Commonwealth v. Brown SJC-11454, is currently on appeal and scheduled for argument on September 4, 2013. On December 18, 2012, the trial judge (Budd, J.) allowed the Commonwealth’s motion for a stay of sentence pending that appeal.

At the time of the homicide in Jackson, as well as in this case, G.L.c. 127, §133A set parole eligibility at fifteen years for prisoners “serving a sentence for life .. . except prisoners serving a life sentence for murder in the first degree ...” In its current version, G.L.c. 127, §133A (2012) provides that prisoners “shall be eligible for parole at the expiration of the minimum term fixed by the court under section 24 of chapter 279.” Just as in Jackson, the pre-2012 version of G.L.c. 127, §133A applies here. See Commonwealth v. Dotson 462 Mass. 96, 100 (2012) (explaining effect of repeal of statute on “punishment. . . incurred before the repeal takes effect”).

“In general, ... a case announces a new rule when it breaks new ground or imposes a new obligation on the States or the Federal Government ... To put it differently, a case announces a new rule if the result was not dictated by precedent existing at the time the defendant’s conviction became final.” Teague, 489 U.S. at 301. The court reads Miller as announcing a new rule. See 132 S.Ct. at 2463-68 (basing decision on “two strands of precedent reflecting [Court’s] concern with proportionate punishment”); see also Melendez-Diaz, 460 Mass, at 244 (“ ‘[Tlhe fact that a court says that its decision is within the “logical compass” of an earlier decision, or indeed that it is “controlled” by a prior decision, is not conclusive for purposes of deciding whether the current decision is a “new rule” under Teague. Courts frequently view their decisions as being “controlled” or “governed” by prior opinions even when aware of reasonable contrary conclusions reached by other courts.’... Nor is the existence of conflicting authority dispositive of the new rule inquiry.” (alteration in original) (internal citations omitted)).

There is no nationwide consensus as to the retroactive application of Miller to cases on collateral review. Courts in Illinois, Iowa, and the Eighth Circuit (Arkansas, Iowa, Minnesota, Missouri, Nebraska, North Dakota, and South Dakota) have applied Miller retroactively, while courts in Florida, Louisiana, Michigan, the Fifth Circuit (Louisiana, Missis *412 sippi, Texas), and the Eleventh Circuit (Alabama, Florida, and Georgia) have not. Compare Johnson v. United States, 2013 WL3481221, *1 (8th Cir. July 12, 2013) (per curiam) (authorizing defendant to file motion in district court to correct his sentence where government conceded that Miller was retroactive), People v. Morfin, 367 Ill.Dec. 282, 294-95 (Ill.App.Ct. Nov. 30, 2012) (applying Teague retroactiviiy standard and holding that Miller applies retroactively on collateral review), and State v. Lockheart, 2012 WL 2814378, **2-3 (Iowa Ct.App. July 11, 2012) (applying Miller to defendant on collateral review without conducting any retroactivity analysis), with In re Morgan, 713 F.3d 1365, 1368 (11th Cir. April 12, 2013) (declining to apply Miller retroactively to collateral review of defendant’s case), Craig v. Cain, 2013 WL 69128, *2 (5th Cir. Jan. 4, 2013) (per curiam) (same), Geter v. State, 2012 WL 4448860, **2-3, 10 (Fla.Dist.Ct.App. Sept. 27, 2012) (applying retroactivity standard that is different from Teague and concluding that Miller does not apply to defendants on collateral review (quoted in Gonzalez v. State, 101 So.3d 886, 887-88 (Fla.Dist.Ct.App. Oct. 24, 2012))), State v. Huntley, 2013 WL 3442136, **1,6 (La.Ct.App. July 10, 2013) (applying Teague retroactivity standard and holding that Miller does not apply retroactively on collateral review), and People v. Carp, 298 Mich .App. 472, 515-17 (Nov. 15, 2012) (same)).

 interestingly, in addition to affirming the defendant’s judgment on direct appeal, the Supreme Judicial Court rejected the defendant’s arguments that a mandatory term of life imprisonment without the possibility of parole was unconstitutional. Id. at 722-27.

Additionally, the Commonwealth argues that the Supreme Judicial Court’s decision in Commonwealth v. Brown, SJC-11454, also scheduled for argument on September 4, 2013, may provide guidance to this court. There, in seeking amicus briefs, the Court noted that “(t]he offense in this case occurred before {Miller] was decided; the trial and conviction occurred after Miller, and the defendant is awaiting sentencing.” Brown, SJC-11454, Paper #2 (May 24, 2013). While any guidance from the Supreme Judicial Court on the topic of Miller will no doubt be helpful, Halbert’s status is more consistent with the petitioner’s in Diatchenko than with the defendant’s in Brown.

On this point, the court finds persuasive Halbert’s arguments in his Objection to Obviously Unconstitutional Mit-timus and Request for Immediate Correction Because of Ongoing Harm that, given the protracted nature of Department of Correction pre-release programs, it is unlikely that Halbert will be released on parole before the Supreme Judicial Court issues its decisions on the two pending appeals. Moreover, the court notes that there is no guarantee that the Parole Board will decide that Halbert is entitled to parole. See 120 Code Mass. Regs. §100.00 et seq. (setting out regulations governing Parole Board).

Counsel in this matter have an ethical obligation to inform each other and the court when the Supreme Judicial Court rules on these two pending appeals. See Mass.R-Prof.C. 3.3(a)(3); cf. Audubon Hill S. Condo. Ass’nv. Community Ass’n Underwriters of Am., Inc., 82 Mass.App.Ct. 461, 466 (2012) (including “development of relevant law” among “criteria for submission of a request for a second consideration”).