PER CURIAM.
11Writ granted. Relator is presently serving a sentence of life imprisonment at hard labor without possibility of parole for a second degree murder committed in 1995 when he was 17 years old. The sentence was mandated by the penalty provision of the statute establishing the offense. La. R.S. 14:30.1(B). In 2011, relator filed a motion to correct an illegal sentence in which he contended that a sentence of life imprisonment without parole for a juvenile offender is no longer constitutionally permissible under developing legal standards, and in particular in light of Graham v. Florida, 560 U.S.-, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010) (Eight Amendment precludes sentencing juvenile offenders to life imprisonment without parole for non-homicide crimes). The district court denied relief. While review of that judgment was pending, the United States Supreme Court determined that mandatory life imprisonment without parole for those offenders under the age of 18 years at the time they committed a homicide offense violates the Eighth Amendment prohibition of “cruel and unusual punishments.” Miller v. Alabama, 567 U.S. -, -, 132 S.Ct. 2455, 2466, 183 L.Ed.2d 407 (2012). Unlike the 12case in Graham, the Miller court did not prohibit life imprisonment without parole for juveniles, but instead required that a sentencing court consider an offender’s youth and attendant characteristics as mitigating circumstances before deciding whether to impose the harshest possible penalty for juveniles who have committed a homicide offense. Therefore, we grant to remand to the district court for reconsideration after conducting a sentencing hearing in accord with the principles enunciated in Miller and stating the reasons for reconsideration and sentencing on the record.