**In re Robert Wilson MOSS, Jr., Petitioner.**

**No. 12–16244–A.**

United States Court of Appeals, Eleventh Circuit.

Jan. 3, 2013.

Robert Moss, Jr., Atlanta, GA, pro se.

Before CARNES, PRYOR and JORDAN, Circuit Judges.

JORDAN, Circuit Judge:

Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), Robert Wilson Moss, Jr. has filed an application seeking an order authorizing the district court to consider a second or successive motion to vacate, set aside, or correct his federal sentence. Such authorization may be granted only if we certify that the second or successive motion contains a claim involving:

(1) newly discovered evidence, that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). A "court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." 28 U.S.C. § 2244(b)(3)(C).

In his application, Mr. Moss indicates that he seeks to raise a single claim in his second or successive motion to vacate. Specifically, he wants to argue that his sentence of life without parole for a non-homicide narcotics offense, based on conduct committed while he was a juvenile, violates the Eighth Amendment after *Graham v. Florida*, 560 U.S. ——, 130 S.Ct. 2011, 176 L.Ed.2d 825 (2010), which he contends established a new rule of constitutional law that is retroactively applicable on collateral review. In *Graham*, the Supreme Court held that the Eighth Amendment "prohibits the imposition of a life without parole sentence on a juvenile offender who did not commit homicide." *Graham*, 130 S.Ct. at 2034. In so holding, the Court explained that the "case implicates a particular type of sentence as it applies to an entire class of offenders who have committed a range of crimes." *Id.* at 2022–23. The questions for us are whether *Graham* established a new rule of constitutional law and if so, whether the decision applies retroactively to cases on collateral review. As explained below, we answer both questions affirmatively.

First, *Graham* set out a new rule of constitutional law that was not previously available. The "case was the first recogni-

tion that the Eighth Amendment bars the imposition of life imprisonment without parole on non-homicide offenders under age eighteen." *In re Sparks*, 657 F.3d 258, 260 (5th Cir.2011).

Second, Mr. Moss has made a *prima facie* showing that *Graham* has been made retroactively applicable by the Supreme Court to cases on collateral review. The Court has told us that it can make a case retroactive on collateral review through a single express holding or by "[m]ultiple cases ... if the holdings in those cases necessarily dictate retroactivity of the new rule." *Tyler v. Cain*, 533 U.S. 656, 666, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001). Because *Graham* "implicates a particular type of sentence as it applies to an entire class of offenders who have committed a range of crimes," 130 S.Ct. at 2022–23, and because generally a rule in a criminal case is retroactive if it "prohibit[s] a certain category of punishment for a class of defendants because of their status or offense," *Penry v. Lynaugh*, 492 U.S. 302, 330, 109 S.Ct. 2934, 106 L.Ed.2d 256 (1989), *abrogated on other grounds by Atkins v. Virginia*, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002), we believe Mr. Moss has sufficiently shown "that he might be entitled to relief under *Graham*[.]" *In re Sparks*, 657 F.3d at 262. *See Loggins v. Thomas*, 654 F.3d 1204, 1221 (11th Cir.2011) ("[T]he *Teague* non-retroactivity doctrine has two exceptions, and one of them fits the rule announced in *Graham*. The exception that fits is the one for new rules 'prohibiting a certain category of punishment for a class of defendants because of their status or offense.'") (quoting *Penry*, 492 U.S. at 330, 109 S.Ct. at 2953).

In sum, we conclude that Mr. Moss has made a *prima facie* showing that his application satisfies §§ 2255(h) and 2244(b)(3)(C). This is a limited determination on our part, and, as we have explained

before, "[t]he district court is to decide the [§ 2255(h)] issue[s] fresh, or in the legal vernacular, *de novo*." *Jordan v. Sec'y, Dep't of Corr.*, 485 F.3d 1351, 1358 (11th Cir.2007).

Should the district court conclude that Mr. Moss has established the statutory requirements for filing a second or successive motion, it shall proceed to consider the merits of the motion, along with any defenses and arguments the respondent may raise. Any determination that the district court makes about whether Mr. Moss has satisfied the requirements for filing a second or successive motion, and any determination it makes on the merits, if it reaches the merits, is subject to review on appeal from a final judgment or order if an appeal is filed. Should an appeal be filed from the district courts determination, nothing in this order shall bind the merits panel in that appeal.

Mr. Moss' application for leave to file a second or successive motion to vacate is GRANTED.