[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No.  13-11175-D
_____

In re: MICHAEL MORGAN,

Petitioner.

_____

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
Or Correct Sentence, 28 U.S.C. § 2255(h)
_____

Before CARNES, WILSON, and PRYOR, Circuit Judges.

PRYOR, Circuit Judge:

Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), Michael Morgan has

filed an application seeking an order authorizing the district court to consider a

second or successive motion to vacate, set aside, or correct his federal sentence, 28

U.S.C. § 2255.  Such authorization may be granted only if this Court certifies that

the second or successive motion contains a claim involving:

> (1) newly discovered evidence that, if proven and viewed in
> light of the evidence as a whole, would be sufficient to establish by
> clear and convincing evidence that no reasonable factfinder would
> have found the movant guilty of the offense; or

(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).  "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection." Id. § 2244(b)(3)(C).

Morgan indicates that he now wishes to raise one claim in a second or successive § 2255 motion.  Specifically, he asserts that because: (i) he was a juvenile when he committed the acts leading to his convictions; (ii) one or more of those acts involved murder; and (iii) he received a mandatory sentence of life imprisonment without parole, under the then-mandatory Sentencing Guidelines, his constitutional rights were violated under the Eighth Amendment.  Morgan asserts that his claim relies upon a new rule of constitutional law.  He argues that Miller v. Alabama, 567 U.S. __, 132 S.Ct. 2455 (2012), established that imposing a life sentence without possibility of parole under the circumstances described above was unconstitutional, and because it was decided in June 2012, it announced a new, previously unavailable rule of constitutional law that is retroactive to cases on collateral review.  Morgan contends that in In re Moss, 703 F.3d 1301 (11th Cir. 2013), we held, in reference to a prisoner's application for leave to file a successive § 2255 motion, that the applicant had made a prima facie showing that

2

Graham v. Florida, 560 U.S. __, 130 S.Ct. 2011 (2010), a Supreme Court case establishing that life imprisonment without parole for non-homicide juvenile offenders was unconstitutional, was retroactive. He asserts that we so held because we concluded that Graham addressed a specific type of sentence for an identifiable class of defendants, and Morgan argues that the same reasoning applies to Miller.

The decision of the Supreme Court in Miller established a new rule of constitutional law. A rule is new if it "was not dictated by precedent existing at the time the defendant's conviction became final." Teague v. Lane, 489 U.S. 288, 301, 109 S. Ct. 1060, 1070 (1989). Miller held for the first time that "the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders." 132 S. Ct. at 2469. The Court reached this decision based on "the confluence of [] two lines of precedent . . . ." Id. at 2464. The first line of precedents "adopted categorical bans on sentencing practices based on mismatches between the culpability of a class of offenders and the severity of a penalty." Id. at 2463. Two of the decisions in this line of precedents held that minors were generally less culpable than other classes of offenders. See Graham 130 S.Ct. 2026; Roper v. Simmons, 543 U.S. 561, 569, 125 S. Ct. 1183, 1195 (2005). In those decisions, the Court had held that the Eighth Amendment prohibits capital punishment for minors, Roper, 563 U.S. at 578, 125 S. Ct. 1200, and that the Eighth Amendment prohibits a sentence of life

3

without the possibility of parole for a minor who had not committed a homicide offense, Graham, 130 S. Ct. at 2034.  But the Supreme Court had not extended this line of precedents to include minors who received a non-capital sentence when they committed homicide until Miller.  The second line of precedents "prohibited mandatory imposition of capital punishment, requiring that sentencing authorities consider the characteristics of a defendant and the details of his offense before sentencing him to death."  Miller, 132 S. Ct. at 2463–64.  But the Supreme Court had never extended this line of precedents beyond the imposition of the death penalty until Miller.  See Lockett v. Ohio, 438 U.S. 586, 608, 98 S. Ct. 2954, 2967 (1978) ("To meet constitutional requirements, a death penalty statute must not preclude consideration of relevant mitigating factors."); Woodson v. North Carolina, 428 U.S. 280, 305, 96 S. Ct. 2978, 2991 (1976) ("[T]he death sentences imposed upon the petitioners under North Carolina's mandatory death sentence statute violated the Eighth and Fourteenth Amendments and therefore must be set aside.").  Although the "confluence of these two lines of precedent lead[] to" the decision in Miller, 132 S. Ct. at 2464, Miller was not dictated by these precedents.

But the decision in Miller has not been made retroactive on collateral review.  The requirement that a new rule be made retroactive on collateral review by the Supreme Court "is satisfied only if th[e] [Supreme] Court has held that the new rule is retroactively applicable to cases on collateral review."  Tyler v. Cain,

4

533 U.S. 656, 662, 121 S. Ct. 2478, 2482 (2001).  And the Supreme Court has not held that Miller is retroactively applicable to cases on collateral review.

Morgan argues that we should conclude that Miller has been made retroactively applicable to decisions on collateral review because Miller created a new rule of constitutional law that prohibits a certain category of punishment for a class of defendants because of their status or offense, but we disagree.  We have held that a prisoner may receive permission to file a second or successive motion to vacate, set aside, or correct a sentence when a decision of the Supreme Court creates a new rule of constitutional law that "prohibit[s] a certain category of punishment for a certain category of defendants," Moss, 703 F.3d at 1303 (quoting Penry v. Lynaugh, 492 U.S. 302, 330, 109 S. Ct. 2934, 2953 (1989) abrogated on other grounds by Atkins v. Virginia, 536 U.S. 304, 122 S. Ct. 2242 (2002)), because multiple decisions of the Supreme Court "necessarily dictate retroactivity of the new rule," Moss, 703 F.3d at 1303 (quoting Tyler, 533 U.S. at 666, 121 S. Ct. at 2484), but Miller did not prohibit the imposition of a sentence of life imprisonment without the possibility parole on minors.  Instead, Miller held "that the Eighth Amendment forbids a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders."  132 S. Ct. at 2469.  Miller changed the procedure by which a sentencer may impose a sentence of life without parole on a minor by "requir[ing] [the sentencer] to take into account how children

5

are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison." Id.  And the Court declined to consider "a categorical bar on life without parole for juveniles, or at least those 14 and younger." Id.

Morgan argues that Miller is necessarily retroactive because any rule that expands the range of possible sentencing outcomes for a category of defendants by requiring that the sentencer have the option of imposing a lesser sentence is substantive, but we disagree.  The Supreme Court has held that a new "rule[] prohibiting a certain category of punishment for a class of defendants because of their status or offense," Penry, 492 U.S. at 330, 109 S. Ct. at 2953, is retroactive, but that rule applies only where a class cannot be subjected to a punishment "regardless of the procedures followed," id..  "In contrast, rules that regulate only the manner of determining the defendant's culpability are procedural." Schriro v. Summerlin, 542 U.S. 348, 353, 124 S. Ct. 2519, 2523 (2004).  In Penry, the Court held that a rule that required that a sentencer be able "to give effect to [] mitigating evidence in determining whether a defendant should be sentenced to death," Penry, 492 U.S. at 315, 109 S. Ct. at 2945, is retroactive, but the Court reached this conclusion because the rule was a procedural rule that was dictated by precedent, see id. at 319, 109 S. Ct. at  2947.  A new rule is substantive when that rule places an entire class beyond the power of the government to impose a certain punishment

6

regardless of the procedure followed, not when the rule expands the range of possible sentences.

Morgan's application for leave to file a second or successive motion to vacate, set aside, or correct his sentence is **DENIED**.

WILSON, Circuit Judge, concurring:

I concur, but write separately to point out that the question presented by this application is closer than it may first appear. The majority is correct that in *In re Moss*, we explained that "a rule in a criminal case is retroactive if it 'prohibit[s] a certain category of punishment for a class of defendants because of their status or offense.'" 703 F.3d 1301, 1303 (11th Cir. 2013) (quoting *Penry v. Lynaugh*, 492 U.S. 302, 330, 109 S. Ct. 2934, 2953 (1989)). The majority is equally correct that, because *Miller v. Alabama*, ––– U.S. ––––, 132 S. Ct. 2455 (2012), does not categorically bar the sentencing of juveniles to life imprisonment without the possibility of parole, this case does not fit neatly within that rule.

But the instances in which a new rule applies retroactively to cases on collateral review is not solely limited to the standard we relied upon in *Moss*; rather, the inquiry for determining retroactivity hinges upon whether the new rule is procedural or substantive. That is because while "[n]ew *substantive* rules generally apply retroactively . . .[,] [n]ew rules of procedure . . . do not." *Schriro v. Summerlin*, 542 U.S. 348, 351–52, 124 S. Ct. 2519, 2522–23 (2004) (emphasis in original). To be sure, the rule announced in *Miller*, by forbidding mandatory life-without-parole sentences for juveniles and requiring "that a sentencer follow a certain process—considering an offender's youth and attendant characteristics—before imposing a particular penalty," 132 S. Ct. at 2471, contains a procedural

8

component.  At the same time, by expanding the range of possible outcomes for an individual in Morgan's position rather than simply the process by which those outcomes are reached, the rule announced in *Miller* arguably includes a substantive component, too.  To that end, the government has taken the unusual step of conceding, in a nearly identical application currently pending in the Eighth Circuit, that "*Miller*'s holding that juvenile defendants cannot be subjected to a mandatory life-without-parole sentence is properly regarded as a substantive rule." Government's Response to Petitioner's Application for Authorization to File a Second or Successive Motion Under 28 U.S.C. § 2255 at 6–7, *Johnson v. United States*, No. 12-3744 (8th Cir. Feb. 22, 2013); *see also id.* at 2 ("Because the United States agrees that Johnson's reliance on *Miller* makes . . . a prima facie showing, his motion should be granted and the case certified for filing in the district court."). Indeed, in the wake of *Miller*, a defendant in Morgan's position—who previously would have been statutorily mandated to be locked away for life without parole— would likely receive a different, and *lesser*, sentence.  *See Miller*, 132 S. Ct. at 2469 ("[W]e think appropriate occasions for sentencing juveniles to this harshest possible penalty [of life without parole] will be uncommon.").  It is therefore possible that *Miller* announces a quasi-substantive rule retroactive to cases on collateral review or, at the very least, a procedural rule of a different stripe from those we have previously confronted.

9

Nonetheless, in the face of such uncertainty, I believe the wiser tack is to exercise restraint rather than to make the leap in one bound.  And at least given the current state of the law, *Miller* does appear to fit most snugly within that class of "rules that regulate only the manner of determining the defendant's culpability." *See Schriro*, 542 U.S. at 353, 124 S. Ct. at 2523 (emphasis omitted) (explaining that such rules are procedural).  I therefore agree with my colleagues, for the time being, that the rule announced by *Miller* is not retroactive—at least until the Supreme Court or this court sitting en banc directs us otherwise.