CLARK, J.
dissenting.
I would grant the writ for consideration for a full analysis under Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989).
The State alleges the Teague defense was not argued before our supreme court in Simmons, 99 So.3d 28, or Landry, 106 So.3d 106, and was not raised by the supreme court sua sponte. Thus, our supreme court has said nothing on the issue of retroactivity.
The Defendant contends that our supreme court applied Miller retroactively in Simmons, 99 So.3d 28, and Landry, 106 So.3d 106. He asserts that in Simmons, “[t]he Louisiana Supreme Court once again held that because Miller ruled that mandatory life imprisonment for juveniles was unconstitutional, that they would apply its ruling retroactively.”
We find that our supreme court has not reached the issue squarely before us in this case. Therefore, we must conduct a Teague analysis as a matter of first impression in the Louisiana courts. Therefore, the parties’ arguments regarding the Teague analysis and cases from other jurisdictions that have addressed this issue must be considered.

Arguments of the Parties

The State asserts that in Craig, the Fifth Circuit also found that Miller was not retroactive under the primary conduct exception to Teague, reasoning that the exception apparently only applies when a new rule fully removes a specific | npunishment from the list available to be constitutionally imposed to deter a class of defendants, i.e., not when a ruling deals with the considerations given in imposing a sentence. The State asserts that Craig is the only Louisiana case that deals with the retroactivity of Miller.
The State asserts that, as in Carp, 828 N.W.2d 685, it is not beyond the power of the law making authority to sentence a *103 juvenile to life without benefit of parole; thus, it follows that the Supreme Court has not made the new rule set forth in Miller retroactive to cases on collateral review under the primary conduct exception.
Additionally, the State cites In re Morgan, 713 F.3d 1365 (11th Cir.2013). In Morgan, the Eleventh Circuit declined to apply the rule set forth in Miller retroactively, finding Miller did not prohibit a certain category of punishment for a class of defendants because of their status or offense and was procedural in nature because it regulated only the manner of determining a defendant’s culpability.
The Defendant asserts that the rule in Miller requires new procedural considerations before sentencing and such procedural requirements amount to a watershed rule under Teague. The Defendant also proposes that the Supreme Court in Miller noted the unreliability of mandatory life without parole sentences for juveniles when it stated such sentences posed too great a risk of disproportionate punishment. The Defendant notes that in Williams, 982 N.E.2d 181, the Illinois appellate court held that Miller was a watershed rule of criminal procedure.
Additionally, the Defendant asserts that Morgan, 713 F.3d 1365, Craig, (2013 WL 69128), and Carp, 828 N.W.2d 685, have no precedential value, as states are free to give broader retroactive effect to new rules of criminal procedure | ^than is required by federal law. The Defendant asserts the procedural posture in Craig, (2013 WL 69128), was starkly different from the case at bar, as the defendant in Craig was before the court on federal ha-beas review under 28 USC § 2254. The Defendant alleges the issue of retroactivity was considered sua sponte in that case. Further, the opinion is unpublished, and is, therefore, not controlling precedent pursuant to 5th Cir. R. 47.5.4, which provides that unpublished opinions issued on or after January 1, 1996, are not precedent, except under the doctrine of res judicata, collateral estoppel, or law of the case.
The Defendant also argues that Morgan, 713 F.3d 1365, is distinguishable because it was a federal proceeding in which the defendant sought to have his sentence amended pursuant to federal law, and this court is not bound by the Eleventh Circuit’s ruling.
Finally, the Defendant further argues that Carp, 828 N.W.2d 685, is distinguishable because Michigan applies a different statutory scheme to determine retroactivity. We note that the Michigan court of appeal analyzed the retroactivity question using the Teague analysis and the Michigan state standard. Thus, this argument is not accurate.
After thoroughly reviewing the jurisprudence on both sides of this matter, we agree with the reasoning put forth by our Fifth Circuit in Craig v. Cain. The Miller decision did not bar all sentences of life imprisonment for juveniles. Rather, it merely added a procedural safeguard that must be followed in order to impose that particular punishment. Additionally, the decision did not qualify as a watershed rule of criminal procedure, as it was an outgrowth of the Supreme Court’s prior decisions that relate to individualized sentencing determinations. | ^Accordingly, we find that it is a procedural rule that does not apply retroactively under Teague.

DECREE:

The trial court erred in finding Miller v. Alabama, 567 U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407, (2012), retroactively applicable to this matter. See Craig v. Cain, *104 2018 WL 69128 (5th Cir.2013)[4]; People v. Carp, 307,758 (11/15/12), 298 Mich.App. 472, 828 N.W.2d 685.
WRIT GRANTED AND MADE PEREMPTORY.

. This case can be found at the following citation: 2013 WL 69128.