COLLOTON, Circuit Judge,
dissenting.
Like the Eleventh Circuit in In re Morgan, 713 F.3d 1365 (11th Cir.), reh’g denied, 717 F.3d 1186, 2013 WL 2476318 (11th Cir. June 10, 2013), I would deny the motion for authorization to file a second or successive motion under 28 U.S.C. § 2255, because the movant has not made a prima facie showing that Miller v. Alabama, — U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), announced a new rule of constitutional law that has been “made retroactive to cases on collateral review by the Supreme Court.” 28 U.S.C. § 2255(h)(2). A new rule is not “made retroactive” unless the Supreme Court holds it to be retroactive. Tyler v. Cain, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001). Although movant Kamil Hakeem Johnson and the government suggest reasons why reasonable jurists could believe that the Court in the future might conclude that Miller announced a “substantive” rule, and therefore should apply retroactively, see Schriro v. Summerlin, 542 U.S. 348, 351, 352 n. 4, 124 S.Ct. 2519, 159 L.Ed.2d 442 (2004), the motion for authorization has merit only if the Court’s holdings to date “necessarily dictate retroactivity of the new rule.” Tyler, 533 U.S. at 663 n. 5, 666, 121 S.Ct. 2478. As the government acknowledges in its response to the pending motion, “[t]o date, the new rules the Court has treated as substantive have categorically prohibited a particular outcome for a particular class of defendants, regardless of the procedure employed.” Gov’t Resp. at 12. Miller does not fit within that class of new rules; it creates the possibility of a different result through individualized sentencing, Miller, 132 S.Ct. at 2460, but it does not prohibit an outcome of life imprisonment for a juvenile like Johnson, who shot a .38 caliber pistol in the direction of gang members at a gas station and killed a four-year-old girl returning home from a day at a neighborhood festival. See id. at 2469 (“[W]e do not foreclose a sentencer’s ability to make that judgment in homicide cases”); see also United States v. Crenshaw, 359 F.3d 977, 981-83 (8th Cir.2004) (recounting the evidence against Johnson). To rule that Miller announced a “substantive” rule would require an extension of the Supreme Court’s holdings, and the motion for authorization should therefore be denied.