**PRECEDENTIAL**


UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

———————————

Nos. 12-3617, 12-3996 and 13-1455

———————————


In re:  MICHAEL J. PENDLETON,

Petitioner in Case No. 12-3617


In re:  FRANKLIN X. BAINES,

Petitioner in Case No. 12-3996


In re:  COREY GRANT,

Petitioner in Case No. 13-1455

On Applications for Leave to File a Second or Successive
Habeas Petition pursuant to 28 U.S.C. Section 2244(b)
No. 12-3617 related to W.D. Pa. No. 12-cv-00195
before the Honorable Kim R. Gibson, District Judge and
Honorable Keith A. Pesto, Magistrate Judge
No. 12-3996 related to E.D. Pa. No. 12-cv-05672
before the Honorable Edmund V. Ludwig
No. 13-1455 related to D. N.J. No. 06-cv-05952
before Honorable Harold A. Ackerman

Argued on September 10, 2013

Before:  RENDELL, JORDAN and GREENAWAY, JR.,
Circuit Judges.

(Opinion filed: October 3, 2013)

Lisa B. Freeland, Esquire  (**Argued**)
Federal Public Defender
Western District of Pennsylvania
Office of Federal Public Defender
1001 Liberty Avenue
1500 Liberty Center
Pittsburgh, PA   15222

          Counsel for Petitioner Michael J. Pendleton

Stephen A. Zappala, Jr., Esquire
District Attorney
Michael W. Streily, Esquire
Deputy District Attorney
Rusheen R. Pettit, Esquire  **(Argued)**
Assistant District Attorney
Allegheny County Office of the District Attorney
436 Grant Street
303 Courthouse
Pittsburgh, PA   15219

      Counsel for Respondent Gerald Rozum,
      Superintendent at SCI Somerset


David R. Fine, Esquire  **(Argued)**
George A. Bibikos, Esquire
K&L Gates, LLP
Market Square Plaza
17 North Second Street, 18th Floor
Harrisburg, PA   17101

      Counsel for Petitioner Franklin X. Baines

R. Seth Williams, Esquire
District Attorney
Hugh J. Burns, Jr., Esquire
Chief, Appeals Unit
Thomas W. Dolgenos, Esquire
Chief, Federal Litigation
Ronald Eisenberg, Esquire  **(Argued)**
Deputy District Attorney
Edward F. McCann, Jr., Esquire
First Assistant District Attorney
Philadelphia County Office of District Attorney
3 South Penn Square
Philadelphia, PA   19107

      Counsel for Respondents Louis S. Folino,
      Superintendent, SCI, Green; The Attorney
      General of the Commonwealth of Pennsylvania


Marc Bookman, Esq.
Atlantic Center for Capital Representation
1315 Walnut Street – Ste. 1331
Philadelphia, PA   19107

      Counsel for the Atlantic Center for Capital
      Representation, Amicus Petitioner

Bradley S. Bridge, Esq.
Defender Association of Philadelphia
1441 Sansom Street
Philadelphia, PA   19102

  Counsel for the Defender Association of
  Philadelphia, Amicus Petitioner


Marsha L. Levick, Esq.
Juvenile Law Center of Philadelphia
1315 Walnut Street – Ste. 400
Philadelphia, PA   19107

  Counsel for the Juvenile Law Center of
  Philadelphia, Amicus Petitioner


David B. Glazer, Esquire  **(Argued)**
Glazer & Luciano
19-21 West Mount Pleasant Avenue
Livingston, NJ   07039

  Counsel for Petitioner Corey Grant

Paul J. Fishman, Esquire
United States Attorney
Mark E. Coyne, Esquire
Assistant United States Attorney
Chief, Appeals Division
Steven G. Sanders, Esquire  **(Argued)**
Assistant United States Attorney
Office of United States Attorney
970 Broad Street – Rm. 700
Newark, NJ   07102

      Counsel for Respondent United States of
      America

**PER CURIAM**

In *Miller v. Alabama*, 132 S. Ct. 2455, 2460 (2010), the Supreme Court held that "mandatory life without parole for those under the age of 18 at the time of their crimes violates the Eighth Amendment's prohibition on 'cruel and unusual punishments.'"  Corey Grant, Franklin X. Baines, and Michael J. Pendleton (collectively, "Petitioners"), each of whom claims to be serving a mandatory sentence of life without the possibility of parole for offenses committed as juveniles, seek our authorization to file successive habeas corpus petitions under 28 U.S.C. §§ 2254 (for Baines and Pendleton) and 2255 (for Grant) to raise *Miller* claims.  Both Baines and Pendleton were convicted in state court in Pennsylvania, and Grant was convicted in federal court in New Jersey.  Because these petitions raise similar legal

questions, we consolidated them for argument and now address them jointly.

Before a second or successive petition may be filed in district court, the petitioner must apply for a certification from the appropriate United States court of appeals. *See* 28 U.S.C. § 2244(b)(3)(A). A certification giving leave to file a successive petition will be granted when the petitioner has made a "prima facie" showing that his or her claim relies on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." *Id.* § 2244 (b)(2)(A) & (3)(A)(C); *see also* § 2255(h)(2). Under our precedent, a "prima facie showing" in this context merely means "'a sufficient showing of possible merit to warrant a fuller exploration by the district court.'" *Goldblum v. Klem*, 510 F.3d 204, 220 (3d Cir. 2007) (quoting *Bennett v. United States*, 119 F.3d 468, 469 (7th Cir. 1997)).

The parties here agree that *Miller* states a new rule of constitutional law, but dispute whether the Supreme Court has made *Miller* retroactive to cases on collateral review. In Pendleton's and Baines's cases, Pennsylvania argues that *Miller* is not retroactive; in Grant's case, the United States asserts that *Miller* is retroactive but that Grant's sentence satisfies the new *Miller* rule and so no relief is warranted.[1]

---

[1] At this early stage, we will not consider whether Grant actually qualifies for relief under *Miller*. We only determine whether Grant has made a prima facie showing that *Miller* created "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). *See Goldblum*, 510 F.3d at 219 ("'[S]ufficient showing of possible merit' in this context does not refer to the merits of

7

Petitioners argue: (1) that the Supreme Court implicitly made *Miller* retroactive by applying the rule to *Miller*'s companion case, *Jackson v. Hobbs*, which came to the Court through Arkansas's state collateral review process; (2) that *Miller* announced a substantive rule that "necessarily carr[ies] a significant risk that a defendant . . . faces a punishment that the law cannot impose upon him," *Schriro v. Summerlin*, 542 U.S. 348, 352 (2004) (internal quotations marks omitted), and therefore should be given retroactive effect under *Teague v. Lane*, 489 U.S. 288 (1989) (plurality); and (3) that, in the alternative, *Miller* qualifies as a "watershed procedural rule[] of criminal procedure" meriting retroactive application under *Teague*, 489 U.S. at 311.

After extensive briefing and oral argument, we conclude that Petitioners have made a prima facie showing that *Miller* is retroactive. In doing so, we join several of our sister courts of appeals. *See, e.g.*, *Wang v. United States*, No. 13-2426 (2d Cir. July 16, 2013) (granting motion to file a successive habeas corpus petition raising a *Miller* claim); *In re James*, No. 12-287 (4th Cir. May 10, 2013) (same); *Johnson v. United States*, 720 F.3d 720 (8th Cir. 2013) (per curiam) (same). *But see In re Morgan*, 713 F.3d 1365 (11th Cir. 2013) (concluding that *Miller* is not retroactive), *reh'g en banc denied*, 717 F.3d 1186; *Craig v. Cain*, No. 12-30035, 2013 WL 69128 (5th Cir. Jan. 4, 2013) (per curiam) (same).

However, we stress that our grant is tentative, and the District Court must dismiss the habeas corpus petition for

the claims asserted in the petition. Rather, it refers to the merits of a petitioner's showing with respect to the substantive requirements of 28 U.S.C. § 2244(b)(2).").

8

lack of jurisdiction if it finds that the requirements for filing such a petition have not in fact been met. *Goldblum*, 510 F.3d at 219-20; *see also* 28 U.S.C. § 2244(b)(4) ("A district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section."). We therefore grant Petitioners' motions under §§ 2244(b)(3) and 2255(h) and authorize each to file a successive habeas corpus petition in the district court.

9