# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40718

In re:  TORVOS SIMPSON,

Movant

United States Court of Appeals
Fifth Circuit

**FILED**
February 7, 2014

Lyle W. Cayce
Clerk

Motion for an order authorizing
the United States District Court for the Eastern
District of Texas to consider
a successive 28 U.S.C. § 2255 motion

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM:*

Torvos Simpson, federal prisoner # 47110-078, moves for authorization to file a successive 28 U.S.C. § 2255 motion challenging his life sentence without possibility of parole.  In 1995, together with two co-defendants, Simpson pleaded guilty to carjacking in violation of 18 U.S.C. § 2119, and possession of a firearm during a crime of violence in violation of 18 U.S.C. § 924(c)(1).  The carjacking resulted in the death of another teenager.  Simpson was under eighteen at the time of the offense.  Simpson was sentenced to life without the possibility of parole, plus a consecutive 60-month sentence.[1]

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[1] Given the procedural posture of the motion, we have minimal information regarding Simpson's sentencing proceedings.  However, we do note that Simpson was sentenced prior

No. 13-40718

Section 2255(h) bars a federal prisoner from filing a second or successive motion to vacate, set aside, or correct a sentence unless the court of appeals certifies that the petition either (1) contains "newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense," or (2) is premised on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h). Simpson seeks leave to file a successive § 2255 motion on the grounds that the United States Supreme Court's recent decision in *Miller v. Alabama*, 132 S. Ct. 2455 (2012), which held that mandatory life sentences without the possibility of parole for juvenile offenders violate the Eighth Amendment's ban on cruel and unusual punishment, announced a new rule of constitutional law made retroactively applicable on collateral review by the United States Supreme Court. He argues that *Miller* renders his sentence unconstitutional, because he was a juvenile at the time of the charged offenses. The government does not oppose Simpson's motion.

Simpson must make a prima facie showing that his motion satisfies the § 2255 requirements for second or successive motions in order to obtain permission to proceed in the district court. *See Reyes-Requena v. United States*, 243 F.3d 893, 897-99 (5th Cir. 2001) (holding that the prima facie standard is incorporated into § 2255). A "prima facie showing" is "simply a sufficient showing of possible merit to warrant a fuller exploration by the district court." *Id*. at 899 (quoting *Bennett v. United States*, 119 F.3d 468, 469 (7th Cir. 1997)).

---

to *United States v. Booker*, 543 U.S. 220 (2005), when the United States Sentencing Guidelines were mandatory*, see, e.g., id*. at 233-34.

No. 13-40718

We do not resolve the ultimate issue of the retroactivity of *Miller*.[2] However, we find that the Supreme Court's actions in *Miller* and the procedural posture of *Miller* itself satisfy Simpson's burden to make a prima facie showing that his petition rests on a new rule of law made retroactive by the Supreme Court on collateral review. *Miller* involved two companion cases; *Miller v. Alabama*, which was on direct appeal of conviction and sentence, *Miller*, 132 S. Ct. at 2462-63, and *Jackson v. Hobbs*, which involved a petition for habeas corpus in the Arkansas state court, brought after the conviction had been affirmed on direct appeal, *id.* at 2461-62. The Supreme Court specifically held that the new rule it announced applied not only to the defendant on direct appeal in *Miller*, but also to the defendant in *Jackson* on collateral review. *See id.* at 2463, 2475; *State v. Ragland*, 836 N.W.2d 107, 116 (Iowa 2013). The Court considered both cases together, applied its reasoning and holding to both cases, and specifically held that the defendant in *Jackson* should be given an individualized sentencing hearing. *See Miller*, 132 S. Ct. at 2468-69; *see also Jackson v. Norris*, 2013 Ark. 175, at *1-2 (2013) (remanding for resentencing in accordance with *Miller*). "There would have been no reason for the Court to direct such an outcome if it did not view the *Miller* rule as applying retroactively to cases on collateral review." *Ragland*, 836 N.W.2d at 116. Further, in *Teague v. Lane*, the Supreme Court stated that "once a new rule is

---

[2] There is disagreement among federal and state courts about whether *Miller* has been made retroactive to cases on collateral review. *Compare Johnson v. United States*, 720 F.3d 720, 721 (8th Cir. 2013) (granting a motion for leave to file a successive § 2255 petition based on *Miller*), *State v. Ragland*, 836 N.W.2d 107, 116 (Iowa 2013) (holding that *Miller* is retroactive), *Jones v. Mississippi*, 122 So. 3d 698, 703 (Miss. 2013) (same), *and State v. Simmons*, 2011-1810 (La. 10/12/12), 99 So. 3d 28 (applying *Miller* retroactively), *with In re Morgan*, 713 F.3d 1365, 1368 (11th Cir. 2013) (holding that *Miller* is not retroactive), *and Craig v. Cain*, No. 12-30035, 2013 WL 69128, at *2 (5th Cir. Jan. 4, 2013) (same) (unpublished).

applied to the defendant in the case announcing the rule, evenhanded justice requires that it be applied retroactively to all who are similarly situated." 489 U.S. 288, 300 (1989).  This principle further supports the proposition that the Court's own application of the *Miller* rule to a case on collateral review indicates that the Court considered the rule to be retroactive.

Given the Supreme Court's action in *Miller*, we conclude that Simpson has made a prima facie showing that his successive petition is based on "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court that was previously unavailable."  § 2255(h)(2).  This grant is, however, "'tentative in the following sense: the district court must dismiss the motion that we have allowed the applicant to file, without reaching the merits of the motion, if the court finds that the movant has not satisfied the requirements for the filing of such a motion.' The district court then is the second 'gate' through which the petitioner must pass before the merits of his or her motion are heard.*" Reyes-Requena*, 243 F.3d at 899 (quoting *Bennett*, 119 F.3d at 470); *see also In re Morris*, 328 F.3d 739, 741 (5th Cir. 2003).

We accordingly GRANT Simpson's motion for authorization to file a successive § 2255 motion in the district court.