In the

# United States Court of Appeals

## For the Seventh Circuit

No. 14-3419

CURTIS CROFT,

*Applicant,*

*v.*

TARRY WILLIAMS,

*Respondent.*

On Motion for an Order Authorizing the
District Court to Entertain a Second or Successive
Petition for Collateral Review.

SUBMITTED OCTOBER 31, 2014 — NOVEMBER 25, 2014

Before WOOD, *Chief Judge,* and FLAUM and WILLIAMS, *Circuit Judges.*

WOOD, *Chief Judge.* Curtis Croft has come to this court for a second time asking us to authorize him to pursue a successive petition for a writ of habeas corpus under 28 U.S.C. § 2254. He contends that he has made a *prima facie* showing that he satisfies the requirements of 28 U.S.C. § 2244(b)(2)(A) for filing such an application. Croft relies primarily on the Supreme Court's decision in *Miller v. Alabama*, 132 S. Ct. 2455

(2012), which held that the Eighth Amendment forbids sentences of mandatory life in prison without parole for juvenile offenders. Because he was seventeen when he committed murder, aggravated kidnapping, and aggravated sexual assault, Croft argues that his sentence of natural life imprisonment without parole for the murder is unconstitutional under *Miller*.

Croft acknowledges that he can prevail only if *Miller*, which was decided after Croft was sentenced, applies retroactively. He believes that he can surmount that hurdle. He points out, correctly, that the Supreme Court applied the holding of *Miller* in the companion case that was before the Court on post-conviction review. See *Miller*, 132 S. Ct. at 2468–69. Our sister circuits are split on the retroactivity question. At least four courts of appeals have concluded that applicants similar to Croft have made *prima facie* showings that *Miller* is retroactive, and those courts have permitted the applicants to proceed with their successive petitions. See *In re Williams*, 759 F.3d 66, 71–72 (D.C. Cir. 2014); *Evans-García v. United States*, 744 F.3d 235, 238–40 (1st Cir. 2014); *In re Pendleton*, 732 F.3d 280, 282–83 (3d Cir. 2013) (per curiam); *Johnson v. United States*, 720 F.3d 720, 720–21 (8th Cir. 2013). In at least two of these cases, the court's decision to grant a motion authorizing a successive habeas corpus petition was based in part on the government's concession that *Miller* has retroactive effect. See *Johnson*, 720 F.3d at 721; *Evans-García*, 744 F.3d at 240. On the other side, two courts of appeals have concluded that *Miller* has no retroactive effect. See *In re Morgan*, 713 F.3d 1365, 1367–68 (11th Cir. 2013); *Craig v. Cain*, No. 12-30035, 2013 WL 69128, at *1–2 (5th Cir. Jan. 4, 2013). The Eleventh Circuit's decision in *Morgan* produced three dissenting votes from the court's denial of rehearing *en banc*,

see 717 F.3d 1186 (11th Cir. 2013); in a dissenting opinion, Judge Wilson noted that the Department of Justice has promulgated "a uniform policy" that *Miller* is indeed retroactive on collateral review. See *id.* at 1197 (Wilson, J., dissenting). And the Fifth Circuit muddied the waters when it decided, perhaps inconsistently with *Craig*, that the applicant had made a *prima facie* showing that *Miller* has retroactive effect but stated that it was not resolving the question definitively. *In re Simpson*, 555 F. App'x 369, 371–72 (5th Cir. 2014).

Despite the robust debate occurring in the courts of appeals on this question (and in the state courts—Illinois has decided that *Miller* is retroactive, *People v. Davis*, 6 N.E.3d 709 (Ill. 2014), but Minnesota has gone the other way, *Chambers v. State*, 831 N.W.2d 311 (Minn. 2013)), we need not resolve the question here. The reason is simple: *Miller* is inapplicable to Croft's case. As the Appellate Court of Illinois noted in affirming the second-stage dismissal of Croft's petition for post-conviction relief, life sentences for murder are discretionary under Illinois law. This is a critical difference from the situation presented in *Miller*, which considered only "mandatory life-without-parole sentences for juveniles." *Miller*, 132 S. Ct. at 2464.

Croft recognizes the problem. He tries to avoid it with the argument that the sentencing court treated his life term as mandatory because it failed to address his age. Yet Croft does not explain why such an omission would transform his discretionary sentence into one that is mandatory. Moreover, as the state appellate court observed, the sentencing court explicitly stated that it had considered the presentence report in Croft's case. That report discussed his age. The appel-

late court also underscored the discretionary nature of Croft's sentence when it reviewed the ample justifications supporting it, including the fact that Croft's crimes were among the most brutal the court had ever seen. Thus, even if this court were to hold that *Miller* applies retroactively on collateral review, Croft would be unable to take advantage of it.

Accordingly, we DENY authorization and DISMISS Croft's application for permission to file a successive collateral attack.