J. S27033/15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellee | : | |
| | : | |
| v. | : | |
| | : | |
| JOHN AIKENS, | : | |
| | : | |
| Appellant | : | No. 2106 EDA 2014 |

Appeal from the PCRA Order July 1, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division No(s).: CP-51-CR-0406531-1993

BEFORE: FORD ELLIOTT, P.J.E., STABILE, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED JULY 14, 2015**

Appellant, John Aikens, appeals *pro se* from the order entered in the

Philadelphia County Court of Common Pleas, dismissing his untimely request

for relief under the Post Conviction Relief Act[1] ("PCRA").  On appeal, he

contends his petition was timely pursuant to **Miller v. Alabama**, 132 S. Ct.

2455 (2012).  We affirm.

The PCRA court summarized the facts and procedural history of this

case as follows:

> [Appellant] was found guilty after a non-jury waiver
> trial of first degree murder, criminal conspiracy, and
> possession of an instrument of crime before the Honorable

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

Judge Jane Cutler Greenspan on July 7, 1994.[2]  Also on July 7, 1994, [Appellant] was sentenced by Judge Greenspan to serve a life sentence on the murder conviction as well as to concurrent sentences of incarceration, which in the aggregate totaled seven and one-half to fifteen years.  After [Appellant] filed his timely appeal, the Superior Court affirmed the judgment of sentence on July 26, 1995.[3]  No further appeal was filed.

[Appellant] filed his first *pro se* [PCRA] petition on March 4, 1996.  Thereafter counsel was appointed, and the petition was denied[4] on May 2, 1997, after a hearing was held before Judge Greenspan on April 8, 1997.  [Appellant] filed an appeal from that order on May 30, 1997.  The Superior Court affirmed the [PCRA] court's denial of relief on April 17, 1998.  The Supreme Court denied *allocatur* on December 3, 1998.

[Appellant] filed his [second] post conviction petition on June 12, 2013.

PCRA Ct. Op., 10/29/2014, at 1-2 (footnote omitted).  On October 29, 2014, the PCRA court determined Appellant's second petition for post conviction collateral relief was untimely and that none of the timeliness exceptions

---

[2] At the time of the homicide, Appellant was over the age of eighteen.  PCRA Ct. Op. at 4.

[3] **Commonwealth v. Aikens**, 2747 PHL 1994 (unpublished memorandum) (Pa. Super. July 26, 1995).

[4] We note the PCRA court dismissed Appellant's first petition.  **See Commonwealth v. Aikens**, 2307 Philadelphia 1997 (unpublished memorandum at 3) (Pa. Super. April 17, 1998).

applied.  ***Id.*** at 2.  The PCRA dismissed Appellant's petition as untimely.

Order, 7/1/14.  This timely appeal followed.[5]

Appellant raises the following issue for review, reproduced verbatim:

> I. Did the lower Court err by denying the Appellants second and Subsequent PCRA Petition, where it was timely [filed] pursuant to, SEE: [42 Pa.C.S.A. § 9545 (b)(i)(ii)(iii)(2)], and where the United States Court of Appeals for the Third Circuit granted that Petitioner has made a prima facie claim that the [claim] he seeks to present relies on a decision pursuant to, SEE [***Miller v. Alabama***; 132 S. Ct. 2455, 2460 (2012)], in which announced "a new rule of Constitutional law, made retroactive to cases on Collateral Review by the Supreme Court, that was previously unavailable.  SEE: [28 U.S.C. § 2244(b)(2)(A)] [Citing, SEE: [***In re Pendleton***; 732 F.3d 280 (3d. Cir. 2013)]???

Appellant's Brief at 3.

Appellant argues his petition was timely and alleges the violation of a

constitutional right recognized after the expiration of the one-year time-bar,

which he claims applies retroactively.  ***Id.*** at 10.  He avers ***Miller*** held it

unconstitutional to impose a life sentence without the possibility of parole

upon a juvenile convicted of murder.

Before examining the merits of Appellant's claims, we consider

whether the PCRA court had jurisdiction to entertain the underlying PCRA

petition.

> We . . . turn to the time limits imposed by the PCRA, as they implicate our jurisdiction to address any and all of

---

[5] Appellant was not ordered to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal.

Appellant's claims.  To be timely, a PCRA petition must be filed within one year of the date that the petitioner's judgment of sentence became final, unless the petition alleges and the petitioner proves one or more of the following statutory exceptions:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section **and has been held by that court to apply retroactively**.

42 Pa.C.S. § 9545(b)(1).

We emphasize that it is the petitioner who bears the burden to allege and prove that one of the timeliness exceptions applies.  In addition, a petition invoking any of the timeliness exceptions must be filed within 60 days of the date the claim first could have been presented.  42 Pa.C.S. § 9545(b)(2). . . .

***Commonwealth v. Marshall***, 947 A.2d 714, 719-20 (Pa. 2008) (some

citations omitted) (emphasis added).  Our Supreme Court has stated:

This Court has repeatedly stated that the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court cannot hear untimely PCRA petitions.  In addition, we have noted that the PCRA confers no authority upon this Court to fashion ad hoc equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act.  We have also

> recognized that the PCRA's time restriction is constitutionally valid.

*Commonwealth v. Robinson*, 837 A.2d 1157, 1161 (Pa. 2003) (citations and quotation marks omitted).

Under the PCRA, "all petitions, including second and subsequent ones, must be filed within one year of the date on which the judgement becomes final, unless one of the statutory exception . . . applies." *Commonwealth v. Yarris*, 731 A.2d 581, 586 (Pa. 1999). On July 26, 1995, this Court affirmed his judgment of sentence. Appellant did not seek further review. Thus, his judgment became final on August 28, 1995.[6] *See* 42 Pa.C.S § 9545(b)(3) (providing "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review [ ]". Appellant had until August 28, 1996, to file his PCRA petition.[7] *See* 42 Pa.C.S. § 9545(b)(1); *Marshall*, 947 A.2d at 719. Therefore, because he filed the instant PCRA on June 12, 2013, it is patently untimely.

---

[6] August 26, 1995 fell on a Saturday. Therefore, his judgment of sentence became final on August 28, 1995. *See* 1 Pa.C.S. § 1908.

[7] "Effective January 16, 1996, the PCRA was amended to require a petitioner to file any PCRA petition within one year of the date the judgment of sentence becomes final." *Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014). This was Appellant's second PCRA petition, thus it does not qualify for the grace proviso allowing a first PCRA to be filed by January 16, 1997. *Id.* at 4-5.

Appellant argues his petition is timely pursuant to *Miller*. In *Commonwealth v. Cunningham*, 81 A.3d 1 (Pa. 2013), *cert. denied*, 134 S. Ct. 2724 (2014), our Supreme Court held that *Miller* was not retroactive and opined:

> Here, applying settled principles of appellate review, nothing in [Appellant's] arguments persuades us that *Miller's* proscription of the imposition of mandatory life-without-parole sentences upon offenders under the age of eighteen at the time their crimes were committed must be extended to those whose judgments of sentence were final as of the time of *Miller's* announcement.

*Id.* at 11.

The PCRA court reasoned that "[e]ven if [Appellant] had been under the age of eighteen and had filed his petition within sixty days of the date *Miller* was handed down, he still would have the burden of establishing that this [c]ourt had jurisdiction to address his petition[,]" because *Miller* did not apply retroactively. PCRA Ct. Op. at 4 (unpagniated). We agree.

Our Pennsylvania Supreme Court held *Miller* did not apply retroactively. *See Cunningham*, 81 A.3d at 11. Therefore, the section 9545(b)(1)(iii) exception to the PCRA's time restrictions is unavailing. Thus, the PCRA court lacked jurisdiction to consider Appellant's claims. *See Robinson*, 837 A.2d at 1161. Accordingly, the PCRA court's ruling is free of legal error. *See Marshall*, 947 A.2d at 719.

Order affirmed.

J. S27033/15

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/14/2015