[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

Nos. 16-13993-J, 16-14361-J

_____

IN RE: JASPER MOORE,

Petitioner.

_____

Application for Leave to File a Second or Successive
Motion to Vacate, Set Aside,
or Correct Sentence, 28 U.S.C. § 2255(h)

_____

Before HULL, MARCUS, and JULIE CARNES, Circuit Judges.

B Y  T H E  P A N E L:

Pursuant to 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A), Jasper Moore has filed two

applications—one counseled and one *pro se*—seeking an order authorizing the district court to

consider a second or successive motion to vacate, set aside, or correct his federal sentence, 28

U.S.C. § 2255.   Such authorization may be granted only if this Court certifies that the second or

successive motion contains a claim involving:

> (1) newly discovered evidence that, if proven and viewed in light of the
> evidence as a whole, would be sufficient to establish by clear and convincing
> evidence that no reasonable factfinder would have found the movant guilty of the
> offense; or

> (2) a new rule of constitutional law, made retroactive to cases on collateral
> review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h).   "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection."   *Id.* § 2244(b)(3)(C); *see also Jordan v. Sec'y, Dep't of Corrs.*, 485 F.3d 1351, 1357-58 (11th Cir. 2007) (explaining that this Court's determination that an applicant has made a *prima facie* showing that the statutory criteria have been met is simply a threshold determination).

In his counseled application, Moore indicates that he wishes to raise one claim in a second or successive § 2255 motion.   Moore asserts that his claim relies upon a new rule of constitutional law announced in *Johnson v. United States*, 576 U.S. ___, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015).   He argues that his sentence was unconstitutionally enhanced under the residual clause of the Armed Career Criminal Act ("ACCA").   Moore specifically argues that his prior Florida convictions for burglary, robbery, and armed robbery no longer qualify as violent felonies. Moore filed supplemental authority, arguing that the Supreme Court's grant of *certiorari* in *Beckles v. United States*, 15-8544 (U.S. June 27, 2016), could directly impact this case.   Moore's *pro se* application raises the same claim as his counseled application, namely that his prior convictions are no longer violent felonies after *Johnson*.   Because Moore's two applications raise the same claims, they are hereby consolidated and are considered his first *Johnson*-based application.

The ACCA defines the term "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

> (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or

(ii)    is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

18 U.S.C. § 924(e)(2)(B).   The first prong of this definition is sometimes referred to as the "elements clause," while the second prong contains the "enumerated crimes" and, finally, what is commonly called the "residual clause."   *United States v. Owens*, 672 F.3d 966, 968 (11th Cir. 2012).

On June 26, 2015, the Supreme Court in *Johnson* held that the residual clause of the ACCA is unconstitutionally vague because it creates uncertainty about how to evaluate the risks posed by a crime and how much risk it takes to qualify as a violent felony.   *Johnson*, 576 U.S. at ___, ___, 135 S. Ct. at 2557-58, 2563.   The Supreme Court clarified that, in holding that the residual clause is void, it did not call into question the application of the elements clause and the enumerated crimes of the ACCA's definition of a violent felony.   *Id.* at ___, 135 S. Ct. at 2563.   On April 18, 2016, the Supreme Court held in *Welch* that *Johnson* announced a new substantive rule that applies retroactively to cases on collateral review.   *Welch v. United States* 578 U.S. ___, ___, ___, 136 S. Ct. 1257, 1264-65, 1268, 194 L. Ed. 2d 387 (2016).

In light of the Supreme Court's holdings in *Johnson* and *Welch*, federal prisoners who can make a *prima facie* showing that they previously were sentenced, at least in part, in reliance on the ACCA's now-voided residual clause are entitled to file a second or successive § 2255 motion in the district court.   *See In re Robinson*, 822 F.3d 1196, 1197 (11th Cir. 2016).   However, merely alleging a basis that meets § 2255(h)'s requirements in the abstract only "represent[s] the minimum showing" necessary to file a successive § 2255 motion because, under § 2244(b)(3)(C), the applicant also must make "a *prima facie* showing that the application satisfies the requirements

3

of this subsection." *In re Holladay*, 331 F.3d 1169, 1173 (11th Cir. 2003). Accordingly, it appears that it is not enough for a federal prisoner to simply identify *Johnson* as the basis for the claim or claims he seeks to raise in a second or successive § 2255 motion, as he also must show that he falls within the scope of the new substantive rule announced in *Johnson*. *See, e.g.*, *id.*; 28 U.S.C. § 2244(b)(3)(C).

Moore has made a *prima facie* case that he falls within the scope of the new substantive rule announced in *Johnson*. Moore's two Florida robbery-with-a-firearm convictions (which count as one predicate conviction because they were not committed on occasions different from one another) and his separate armed robbery conviction qualify as violent felonies under our binding precedent. *In re Thomas*, ___ F.3d ___, ___, Nos. 16-12065, 16-12649, 2016 WL 3000325, at *3 (11th Cir. May 25, 2016); *United States v. Dowd*, 451 F.3d 1244, 1255 (11th Cir. 2006). It is not clear, however, which of Moore's other felony convictions were used by the district court as the third ACCA predicate offense and why. It is also not clear whether the district court relied on the residual clause or the other ACCA clauses not implicated by *Johnson*. Whether at the time of his September 2005 sentencing hearing any of Moore's other felony convictions qualified as violent felonies within the statutory meaning is a matter we leave to the district court in the first instance.

It is important to note that our threshold determination that an applicant has made a *prima facie* showing that he has met the statutory criteria of § 2255(h), thus warranting our authorization to file a second or successive § 2255 motion, does not conclusively resolve that § 2255(h) requirement issue. *See Jordan*, 485 F.3d at 1357 (involving the functionally equivalent § 2244(b)(2) successive application standard applicable to state prisoners). In *Jordan*, we

4

emphasized that, once the prisoner files his authorized § 2255 motion in the district court, "the district court not only can, but must, determine for itself whether those [§ 2255(h)] requirements are met." *Id.* Notably, the statutory language of § 2244, which is cross referenced in § 2255(h), expressly provides that "[a] district court shall dismiss any claim presented in a second or successive application that the court of appeals has authorized to be filed unless the applicant shows that the claim satisfies the requirements of this section." *Id.* (quoting 28 U.S.C. § 2244(b)(4)). We rejected the assertion that the district court owes "some deference to a court of appeals' prima facie finding that the requirements have been met." *Id.* at 1357. We explained that, after the district court looks at the § 2255(h) requirements *de novo*, "[o]ur first hard look at whether the § [2255(h)] requirements actually have been met will come, if at all, on appeal from the district court's decision . . . ." *Id.* at 1358; *see also In re Moss*, 703 F.3d 1301, 1303 (11th Cir. 2013) (reiterating that our threshold conclusion in granting a successive application that a *prima facie* showing has been made is necessarily a "limited determination," as the district court then must also decide "fresh" the issue of whether § 2255(h)'s criteria are met, and, if so, proceed to considering the merits of the § 2255 motion). Furthermore, the Supreme Court instructed in *Welch* that even if a defendant's prior conviction was counted under the residual clause, courts can now consider whether that conviction counted under another clause of the ACCA. *See Welch*, 578 U.S. at ___, 136 S. Ct. at 1268.

Stated another way, this grant is a limited determination on our part, and, as we have explained before, "[t]he district court is to decide the [§ 2255(h)] issues fresh, or in the legal vernacular, *de novo*." *Jordan*, 485 F.3d at 1358. The district court must decide whether or not Harris was sentenced under the residual clause in 2000, whether the new rule in *Johnson* is

5

implicated as to Harris's third predicate conviction, and whether the § 2255(h) "applicant has established the [§ 2255(h)] statutory requirements for filing a second or successive motion." *In re Moss*, 703 F.3d at 1303. Only then should the district court "proceed to consider the merits of the motion, along with any defenses and arguments the respondent may raise." *Id.* We repeat what we have said before:

> Any determination that the district court makes about whether [the § 2255(h) applicant] has satisfied the requirements for filing a second or successive motion, and any determination it makes on the merits, if it reaches the merits, is subject to review on appeal from a final judgment or order if an appeal is filed. Should an appeal be filed from the district court's determination, nothing in this order shall bind the merits panel in that appeal.

*Id.*

We add one further thought. We grant this application because it is unclear whether the district court relied on the residual clause or other ACCA clauses in sentencing Moore, so Moore met his burden of making out a *prima facie* case that he is entitled to file a successive § 2255 motion raising his *Johnson* claim. There in the district court though, a movant has the burden of showing that he is entitled to relief in a § 2255 motion — not just a *prima facie* showing that he meets the requirements of § 2255(h)(2), but a showing of actual entitlement to relief on his *Johnson* claim. *See Rivers v. United States*, 777 F.3d 1306, 1316 (11th Cir. 2015) ("In making [the] determination [whether the district court correctly denied the § 2255 motion], we note that [the movant] bears the burden to prove the claims in his § 2255 motion."); *LeCroy v. United States*, 739 F.3d 1297, 1321 (11th Cir. 2014) ("[O]n a § 2255 [motion, the burden of proof] belongs to the [movant]."); *see also United States v. Pettiford*, 612 F.3d 270, 277 (4th Cir. 2010) ("[T]he district court must determine whether the [§ 2255 movant] has met his burden of showing that his sentence is unlawful on one of the specified grounds."); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st

6

Cir. 1978) ("In seeking collaterally to attack their convictions under section 2255, defendants bear the burden of establishing by a preponderance of the evidence that they are entitled to relief."); *Coon v. United States*, 441 F.2d 279, 280 (5th Cir. 1971) ("A movant in a collateral attack upon a judgment has the burden to allege and prove facts which would entitle him to relief."); *Zovluck v. United States*, 448 F.2d 339, 341 (2d Cir. 1971) (stating, in the context of an appeal from the denial of a § 2255 motion, that "[t]here is no doubt but that appellant had the burden of proof"); *Taylor v. United States*, 229 F.2d 826, 832 (8th Cir. 1956) ("Because the statutory proceeding is a collateral attack upon the judgment of conviction, the burden is on the [movant] to establish a basis for relief under some one or more of the grounds set forth in [§ 2255].); *United States v. Trumblay*, 234 F.2d 273, 273 (7th Cir. 1956) ("On a motion to vacate, set aside or correct a sentence, a movant has the burden of proof."). There are many reasons why one who files a collateral proceeding has the burden of proof and persuasion on all of the elements of his claim. Chief among them is the principle that "direct appeal is the primary avenue for review of a conviction or sentence . . . . When the process of direct review . . . comes to an end, a presumption of finality and legality attaches to the conviction and sentence." *Barefoot v. Estelle*, 463 U.S. 880, 887, 103 S. Ct. 3383, 3391–92 (1983); *see also Jones v. United States*, 304 F.3d 1035, 1039 (11th Cir. 2002) ("A fundamental purpose for the [Antiterrorism and Effective Death Penalty Act] was to establish finality in post-conviction proceedings.") (citations omitted).

In other words, the district court cannot grant relief in a § 2255 proceeding unless the movant meets his burden of showing that he is entitled to relief, and in this context the movant cannot meet that burden unless he proves that he was sentenced using the residual clause and that the use of that clause made a difference in the sentence. If the district court cannot determine

7

whether the residual clause was used in sentencing and affected the final sentence — if the court cannot tell one way or the other — the district court must deny the § 2255 motion.   It must do so because the movant will have failed to carry his burden of showing all that is necessary to warrant § 2255 relief.

Accordingly, because Moore has made a *prima facie* showing of the existence of either of the grounds set forth in 28 U.S.C. § 2255, his application for leave to file a second or successive motion is hereby GRANTED.