[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-14813
Non-Argument Calendar
_____

D.C. Docket Nos. 1:16-cv-21409-JEM; 1:04-cr-20482-JEM-1

GERALDO GOMEZ,

Petitioner - Appellant,

versus

UNITED STATES OF AMERICA,

Respondent - Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 1, 2018)

Before TJOFLAT, MARTIN, and NEWSOM, Circuit Judges.

PER CURIAM:

Geraldo Gomez appeals the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence, following our grant of his application for leave to file a second or successive § 2255 motion based on Johnson v. United States, 576 U.S. ___, 135 S. Ct. 2551 (2015).  Gomez argues that his Florida convictions for attempted first-degree murder and arson are no longer violent felonies under the Armed Career Criminal Act ("ACCA") in light of Johnson.  The government responds that Gomez cannot show he was actually sentenced under ACCA's residual clause, as required by this Court's decision in Beeman v. United States, 871 F.3d 1215 (11th Cir. 2017), which was issued after the district court denied Gomez's motion.

I.

On November 10, 2004, a jury convicted Gomez of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  Gomez was sentenced to 235-months imprisonment.  This sentence was based, in part, on the district court's determination that Gomez qualified as an armed career criminal.  ACCA provides for a sentence of no less than fifteen years for a defendant who violates § 922(g) and has three or more prior convictions for a "violent felony" or a "serious drug offense."  18 U.S.C. § 924(e)(1).  A "violent felony" is defined as any crime punishable by a term of imprisonment exceeding one year that:

(i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or

2

>    (ii)    is burglary, arson, or extortion, involves use of explosives, or
>            otherwise involves conduct that presents a serious potential risk
>            of physical injury to another[.]

Id. § 924(e)(2)(B). The first part of this definition is known as the "elements clause." See Mays v. United States, 817 F.3d 728, 730–31 (11th Cir. 2016) (per curiam). The second part of this definition contains both the "enumerated offenses clause" and the "residual clause." Id.

In Johnson, the Supreme Court held that ACCA's residual clause was unconstitutionally vague. 135 S. Ct. at 2563. The Court made this rule retroactive in Welch v. United States, 578 U.S. ___, 136 S. Ct. 1257, 1268 (2016). In 2016, Gomez filed an application seeking authorization from this Court to file a second or successive § 2255 motion in order that he could challenge his sentence based on the Johnson ruling. After a panel of this Court granted his application, the government argued Gomez still qualified for the longer sentence under ACCA based on Florida convictions for (1) attempted first-degree murder with a firearm; (2) aggravated assault; and (3) first-degree arson.

A magistrate judge recommended that Gomez's petition be denied. First, the magistrate judge considered whether Gomez met the statutory requirements for filing a second or successive motion. The magistrate judge observed that the standard for making a Johnson claim was "far from settled with the Eleventh Circuit." The magistrate judge noted the conflicting standards set forth in In re

3

Moore, 830 F.3d 1268, 1273 (11th Cir. 2016) (per curiam), which required a defendant to show he was sentenced under the residual clause, and In re Chance, 831 F.3d 1335, 1341–42 (11th Cir. 2016), which required a defendant to show it was unclear under which clause he was sentenced and that his sentence was no longer lawful under § 924(c). The magistrate judge said the In re Chance approach was more sensible and determined Gomez met that threshold requirement. The magistrate judge then reached the merits of Gomez's claim and determined that his convictions for Florida attempted first-degree murder, aggravate assault, and arson still qualified as ACCA predicates. The district court adopted the magistrate judge's recommendations and denied Gomez's motion. This Court granted Gomez a Certificate of Appealability ("COA") on whether Gomez's Florida convictions for attempted first-degree murder and arson still qualified as ACCA predicates post-Johnson.

## II.

In reviewing a district court's denial of a § 2255 motion, we review de novo the court's legal conclusions and review for clear error the court's factual findings. Spencer v. United States, 773 F.3d 1132, 1137 (11th Cir. 2014) (en banc). We review de novo whether a defendant's prior conviction qualifies as a violent felony under ACCA. United States v. Hill, 799 F.3d 1318, 1321 (11th Cir. 2015) (per curiam).

Appellate review is ordinarily limited to the issues specified in the COA. Murray v. United States, 145 F.3d 1249, 1250–51 (11th Cir. 1998) (per curiam). However, procedural issues that must be resolved before we can address the claim specified in a COA are presumed to be encompassed in the COA. McCoy v. United States, 266 F.3d 1245, 1248 n.2 (11th Cir. 2001) (reviewing as within the scope of the COA whether the movant's § 2255 motion was procedurally barred when the district court had not addressed the issue).

In Beeman, a panel of this Court held that to prove a claim based on Johnson, a movant must show it is "more likely than not" that "it was use of the residual clause that led to the sentencing court's enhancement of his sentence." 871 F.3d 1221–22. This inquiry is one of "historical fact," looking to the basis for the sentence at the time of sentencing. Id. at 1224 n.5. Before Beeman, the showing required to present a Johnson claim was disputed. Compare Moore, 830 F.3d at 1273, with Chance, 831 F.3d at 1341–42. Indeed, the magistrate judge noted split authority on the subject before deciding to follow the standard set out in In re Chance.

The status of Florida convictions for attempted first-degree murder and arson as ACCA predicate convictions is still an open question in this circuit.[1] But

---

[1] The district court found arson qualified as violent crimes under ACCA's enumerated offenses clause and attempted first-degree murder qualified under the elements clause. But Gomez argues that Florida arson is broader than generic arson because Florida arson can be

according to <u>Beeman</u>, before we can perform that analysis, Gomez must show that his sentence was more likely than not based on the residual clause.  <u>Beeman</u>, 871 F.3d at 1221–22.  <u>Beeman</u> was decided after the district court ruled on Gomez's petition.  As a result, the record is not fully developed on this point.

Because the parties had no occasion to address the requirement established by <u>Beeman</u> in the district court, a remand is appropriate.  <u>See</u> <u>Schumann v. Collier Anesthesia, P.A.</u>, 803 F.3d 1199, 1203 (11th Cir. 2015) (remanding after this Court adopted a new legal test "[t]o allow the district court to apply this test in the first instance and, if the district court desires, to give the parties an opportunity to further develop the record to address the components of the test").  On remand, the district court should consider in the first instance whether Gomez can show, as a historical fact, it was more likely than not he was sentenced under the residual clause.  <u>Beeman</u>, 871 F.3d 1221–22.  This inquiry can include, among other things, a review of the record at Gomez's sentencing, as well as consideration of how courts viewed the statutes under which Gomez had previously been convicted, and how courts interpreted other similar statutes at the time he received his ACCA sentence.

**VACATED AND REMANDED**.

---

committed "while in the commission of any felony," which does not necessarily require the "intentional or malicious burning of property with the purpose of destroying the building of another" of generic arson.  Gomez also argues that Florida attempted first-degree murder can be committed through "the surreptitious poisoning or drugging of the victim," which "does not involve the use of violent force sufficient to satisfy the ACCA's force clause."