DLD-073                                                         **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-3140
_____

JAMES JASON RIANI,
                                        Appellant

v.

WARDEN CANAAN USP

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 4-21-cv-01191)
District Judge:  Honorable Matthew W. Brann

_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
January 27, 2022
Before:  KRAUSE, MATEY and PHIPPS, Circuit Judges

(Opinion filed: February 14, 2022)
_____

OPINION[*]
_____

PER CURIAM

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

James Riani, a federal prisoner previously confined at USP Canaan but currently housed at USP Tucson, appeals pro se from the order of the United States District Court for the Middle District of Pennsylvania dismissing his petition for a writ of habeas corpus under 28 U.S.C. § 2241. For the following reasons, we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

Riani's § 2241 habeas petition seeks to challenge his conviction and sentence imposed by the United States District Court for the Middle District of Florida (M.D. Fla. 11-cr-00174). In 2011, Riani pleaded guilty to one count of possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1), and one count of carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c). The sentencing court imposed an aggregate term of 295 months imprisonment. In 2013, Riani filed a motion to vacate under 28 U.S.C. § 2255; the sentencing court denied the motion because Riani did not present meritorious grounds for relief. The Court of Appeals for the Eleventh Circuit denied Riani's request for a certificate of appealability for failure to make the requisite showing.

In 2015, Riani filed in the Middle District of Florida a "motion requesting relief" pursuant the United States Supreme Court's decision in Johnson v. United States, 576 U.S. 591 (2015), which declared unconstitutionally vague the residual clause of the Armed Career Criminal Act (ACCA) that imposed an increased prison term based on prior convictions involving conduct "that presents a serious potential risk of physical

2

injury to another." 18 U.S.C. § 924(e)(2)(B). The sentencing court denied Riani's motion because his sentence was enhanced pursuant to the United States Sentencing Guidelines, rather than the ACCA.

In 2020, Riani filed an application for leave to file a second or successive § 2255 motion in the Eleventh Circuit, contending that another case, United States v. Davis, 139 S. Ct. 2319 (2019), invalidated his sentence. The Eleventh Circuit determined that his contentions were without merit and denied his application to file a second § 2255 motion.

Riani later filed his § 2241 habeas petition in the Middle District of Pennsylvania, the judicial district where he was incarcerated, raising the same claims he raised in his initial motion to vacate. He also contended that the Court's Johnson decision was a new substantive rule of constitutional law that invalidated his sentence. The District Court dismissed the § 2241 petition, finding that it was an unauthorized second or successive § 2255 motion, and concluding that Riani failed to show that § 2255 provided an "inadequate or ineffective" remedy to allow for consideration under § 2241.

Riani appeals. We have appellate jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's legal conclusions and review its factual findings for clear error. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

For federal prisoners, motions under § 2255 are the presumptive means by which they can collaterally challenge their sentences. See Davis v. United States, 417 U.S. 333,

3

343 (1974); <u>Okereke v. United States</u>, 307 F.3d 117, 120 (3d Cir. 2002). A habeas corpus petition under § 2241 accordingly "shall not be entertained" unless a § 2255 motion would be "inadequate or ineffective to test the legality of [petitioner's] detention." 28 U.S.C. § 2255(e). "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." <u>Cradle</u>, 290 F.3d at 538. This "safety-valve" exception is narrow and applies only in rare circumstances. <u>See</u> <u>In re Dorsainvil</u>, 119 F.3d 245, 251-52 (3d Cir. 1997); <u>see also</u> <u>Bruce v. Warden Lewisburg USP</u>, 868 F.3d 170, 180 (3d Cir. 2017). For instance, in <u>Dorsainvil</u>, we allowed the petitioner to proceed under § 2241 because the denial of his prior § 2255 motion occurred before the decision on which he relied. Moreover, the decision in question involved a matter of statutory rather than constitutional interpretation, and thus he could not have brought a successive motion under § 2255. <u>See</u> 119 F.3d at 247-48.

Riani has not shown that such circumstances exist here. He relies on <u>Johnson</u> in challenging his career-offender designation under the Guidelines. Unlike the decision at issue in <u>Dorsainvil</u>, however, <u>Johnson</u> announced a new rule of constitutional law, which applies retroactively. <u>See</u> <u>Welch v. United States</u>, 578 U.S. 120, 135 (2016).

4

Thus, a prisoner's prima facie reliance on <u>Johnson</u> generally permits the prisoner to proceed with a second or successive § 2255 motion. <u>In re Hoffner</u>, 870 F.3d 301, 308 (3d Cir. 2017).

Riani nevertheless contends that a § 2255 motion to vacate would be inadequate to test the legality of his detention because "erroneous [Eleventh] Circuit precedent squarely foreclosed his challenge to his enhanced career offender designation." (<u>See</u> Petitioner's Traverse at 2). Contrary to Riani's contention, however, his belief that he will not succeed on the merits does not amount to a "limitation of scope or procedure" that would prevent his claim from being heard. <u>Cradle</u>, 290 F.3d at 538. In fact, the Eleventh Circuit has granted leave to file successive habeas petitions where the prisoner has made a prima facie showing he was entitled to do so pursuant to <u>Johnson</u>. <u>See, e.g.</u>, <u>Weeks v. United States</u>, 930 F.3d 1263, 1270 (11th Cir. 2019); <u>In re Moore</u>, 830 F.3d 1268, 1271-73 (11th Cir. 2016). Thus, § 2255 is not rendered ineffective or inadequate merely because the Eleventh Circuit may determine that Riani's challenge under <u>Johnson</u> lacks merit. <u>See</u> <u>Gardner v. Warden Lewisburg USP</u>, 845 F.3d 99, 102 (3d Cir. 2017).

Therefore, because Riani's § 2241 habeas petition failed to satisfy § 2255(e)'s safety-valve provision, the District Court lacked jurisdiction to consider it as an unauthorized second or successive § 2255 motion. <u>See</u> <u>Robinson v. Johnson</u>, 313 F.3d 128, 139-40 (3d Cir. 2002). We discern no error in the dismissal of the petition and accordingly affirm the District Court's order.