[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
July 1, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-14917
Non-Argument Calendar

_____

D. C. Docket No. 06-20709-CR-CMA

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JIMMY LEE FRANKLIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(July 1, 2008)**

Before MARCUS, WILSON and PRYOR, Circuit Judges.

PER CURIAM:

Jimmy Lee Franklin appeals his conviction for being a felon in possession

of a firearm and ammunition.  See 18 U.S.C. § 922(g)(1).  The issue presented is

whether the district court erred when it denied Franklin's motion to suppress a semi-automatic rifle found under a bed in his apartment. Because the district court did not clearly err when it determined that the gun was discovered during the protective sweep of the apartment, we affirm.

## I. BACKGROUND

After a federal grand jury indicted Franklin for being a felon in possession of a firearm, ammunition, and body armor, Franklin moved to suppress all the evidence on the grounds that officers coerced his girlfriend to consent to the search. The government initially argued that, although no evidence was discovered during a protective sweep of the apartment, Franklin's girlfriend voluntarily consented to the search, in which the officers found a semi-automatic rifle, ammunition, and body armor. The day before the suppression hearing, the government presented a different version of events and informed the court that "[a] rifle was observed under a bed during the protective sweep, but was not seized at that time."

At the suppression hearing, the district court heard testimony regarding when the rifle was discovered. Agent John Leahy of the Bureau of Alcohol, Tobacco, Firearms and Explosives was the primary witness for the government. Although Agent Leahy's report, written directly after the search, stated that the

rifle was found after the girlfriend consented, Agent Leahy testified that DEA Agent Chuck Noonan informed Agent Leahy that he discovered a rifle under a bed during the protective sweep, before the agents gained the girlfriend's consent.

Agent Miles Wright of the Florida Department of Law Enforcement also testified that during the protective sweep, he heard an agent state that there was a "long firearm" located in the bedroom. Like Agent Leahy's report, Agent Wright's report did not contain this information, but Agent Wright testified that Agent Leahy wrote the report and Agent Wright simply signed it. Agent Noonan, the officer who allegedly discovered the weapon during the protective sweep, did not testify at the suppression hearing.

After the court heard the testimony presented by Franklin and the government, the court allowed each side to argue their respective positions. During the government's presentation, the government referenced the grand jury testimony of ATF Agent Jdeane Wilson. Although she was not at the apartment during the search, Agent Wilson testified before the grand jury that the rifle was found during the protective sweep. The district court admitted Agent Wilson's grand jury testimony, over Franklin's objection, because it was "highly germane to . . . the determination of whether or not there has been recent fabrication" that the rifle was found during the protective sweep. After the hearing, Franklin

supplemented the factual record with an earlier portion of Agent Wilson's grand jury testimony where Agent Wilson was asked if the agent saw "the rifle when he observed it under the bed?" and Agent Wilson's responded "[n]ot initially."

In a written order, the district court determined that the consent to search was coerced and suppressed all the evidence except the rifle. The district court found the girlfriend's "testimony credible on the critical issues that bear upon voluntariness" and "her recounting of the events . . . far more credible than that offered by the agents." Notwithstanding this credibility assessment, the district court found that the rifle was discovered during the protective sweep and denied the motion to suppress the rifle. The district court "was certainly initially skeptical" that the rifle was discovered during the sweep because of the "total absence" of this information in the investigative reports, the statements in the reports that the rifle was found after the consent search, and the "radical change" in the government's position the day before the suppression hearing.

Two findings "tilt[ed] the balance in favor of the [g]overnment." First, because a protective sweep involves a cursory walk-through and visual inspection of the apartment for the officers' and other occupants' safety, the court stated that "[i]t belies common sense to assume" that the officer who swept the bedroom "would not look underneath the bed to check" for a hiding person, and that a large

4

object like a rifle would be "hard to miss when checking under beds." Second, because Agent Wilson's grand jury testimony that a rifle was found during the initial sweep was given before the motion to suppress and before the initial representation of the government that nothing was discovered during the protective sweep, "the testimony, combined with the prosecutor's acknowledgment of error . . . is highly probative of when the rifle was discovered." The district court noted the contradiction in Agent Wilson's testimony, but did not discuss this fact. The court then denied that motion to suppress as to the rifle, but granted the motion as to all other items seized.

Franklin pleaded guilty to being a felon in possession of a firearm and ammunition and reserved his right to appeal the partial denial of his motion to suppress. The district court sentenced him to the mandatory term of 180 months, and this appeal followed.

## II. STANDARD OF REVIEW

"A district court's ruling on a motion to suppress presents a mixed question of law and fact." United States v. Perez, 443 F.3d 772, 774 (11th Cir. 2006) (citation omitted). We accept the factual findings of the district court as true unless those findings are clearly erroneous. United States v. Zapata, 180 F.3d 1237, 1240-41 (11th Cir. 1999). In our evaluation of the facts, we "defer to the  . .

5

. determination [of the district court] unless [its] understanding of the facts appears to be 'unbelievable.'" United States v. Ramirez-Chilel, 289 F.3d 744, 749 (11th Cir. 2002) (citation omitted). All facts are construed in the light most favorable to the prevailing party below. United States v. Bervaldi, 226 F.3d 1256, 1262 (11th Cir. 2000).

### III. DISCUSSION

Franklin disputes the finding of the district court regarding the timing of the discovery of the rifle. Franklin does not dispute that a rifle was found under his bed. Franklin contends that the district court clearly erred when it found that the rifle was discovered during the protective sweep. We disagree.

The factual finding by the district court is not "unbelievable," as it must be for this Court to overturn the finding on appeal. Ramirez-Chilel, 289 F.3d at 749. The district court had plenty of evidence before it to determine that the rifle was found during the protective sweep. First, the court drew on its common sense regarding a protective sweep and the precautions that officers take when conducting a protective sweep. A large gun, such as the semi-automatic rifle, certainly would be seen when an officer looked under a bed for Franklin or another hiding person. Second, the court considered the grand jury testimony of Officer Wilson. This evidence was properly considered because "[a]t a

6

suppression hearing, the court may rely on hearsay and other evidence, even though that evidence would not be admissible at trial." United States v. Raddaz, 447 U.S. 667, 679, 100 S. Ct. 2046, 2414 (1980).

Although she was not present during the protective sweep, Officer Wilson testified months before Franklin's motion to suppress that the rifle was seen during the protective sweep. This grand jury testimony substantially bolsters the testimony of Agents Leahy and Wright, who were present during the sweep and search, that the rifle was seen during the protective sweep. That there is another way to interpret the evidence before the district court is of no recourse for Franklin. "If the district court's account of the evidence is plausible in light of the record viewed in its entirety, the court of appeals may not reverse it even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently." Anderson v. City of Bessemer City, N.C., 470 U.S. 564, 573-74, 105 S. Ct. 1504 (1985).

## IV.  CONCLUSION

Because the district court did not clearly err when it determined that the gun was found during the protective sweep, Franklin's conviction is

**AFFIRMED**.