[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-13422
Non-Argument Calendar

_____

D.C. Docket Nos. 1:16-cv-22192-CMA; 1:06-cr-20709-CMA-1

JIMMY LEE FRANKLIN,

Petitioner-Appellant,

versus

UNITED STATES OF AMERICA,

Respondent-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(April 14, 2020)

Before BRANCH, LAGOA, and HULL, Circuit Judges.

PER CURIAM:

Jimmy Franklin appeals the district court's denial of his counseled and

authorized second 28 U.S.C. § 2255 motion to vacate sentence in which he

asserted a challenge to his sentence under the Armed Career Criminal Act ("ACCA") based on *Johnson v. United States*, 135 S. Ct. 2551 (2015). The district court granted Franklin a certificate of appealability ("COA") on the following issue:

> In a case where the sentencing record does not reveal which clause of the ACCA was the basis for the enhancement, whether a section 2255 movant must prove it is "more likely than not" the court relied only on the residual clause, as the First, Fifth, Sixth, Eighth, Tenth, and Eleventh Circuits have held; or rather, the movant need only show the ACCA enhancement "may have" rested on the residual clause, as the Second, Third, Fourth, and Ninth Circuits have held.

Because Franklin's claim is foreclosed by our binding precedent, we affirm.

## I.    Background

In 2007, Franklin pleaded guilty to being a felon in possession of a firearm and ammunition, in violation of 18 U.S.C. §§ 922(g) and 924(e). Franklin's presentence investigation report ("PSI") classified him as an armed career criminal, pursuant to 18 U.S.C. § 924(e),[1] based on three prior violent felony convictions,

---

[1] Under the Armed Career Criminal Act ("ACCA"), a defendant convicted of violating 18 U.S.C. § 922(g) who has three or more prior convictions for "a violent felony or a serious drug offense, or both, committed on occasions different from one another," faces a mandatory minimum 15-year sentence. *See* 18 U.S.C. § 924(e)(1). At the time of Franklin's sentencing, the ACCA defined a "violent felony" as any crime punishable by a term of imprisonment exceeding one year that:

> (i)    has as an element the use, attempted use, or threatened use of physical force against the person of another; or

> (ii)    is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another.

citing the following Florida convictions: (1) 1987 robbery with a firearm, attempted robbery with a firearm, and aggravated assault; (2) 1987 battery on a law enforcement officer; and (3) 1997 attempted armed robbery.  The PSI did not specify whether those convictions qualified as violent felonies under the ACCA's elements clause or residual clause.  Franklin did not raise any objections to the PSI either before or during the sentencing hearing.  Similarly, he did not raise any challenge to the ACCA enhancement at sentencing, and the district court did not specify whether it was relying on the elements clause or the residual clause in determining that Franklin's prior convictions qualified as violent felonies for purposes of the ACCA.  The district court sentenced Franklin to 180 months' imprisonment, followed by 5 years' supervised release.[2]  We affirmed on direct appeal.  *United States v. Franklin*, 284 F. App'x 701 (11th Cir. 2008).

In 2009, Franklin, proceeding *pro se*, filed his initial 28 U.S.C. § 2255 motion, which was denied.  In 2015, however, pursuant to 28 U.S.C. §§ 2255(h)[3]

---

*Id.* § 924(e)(2)(B).  The first prong of this definition was the "elements clause," while the second prong contained the "enumerated crimes clause" and the "residual clause."  *United States v. Owens*, 672 F.3d 966, 968 (11th Cir. 2012).

[2] Franklin was released from prison on September 13, 2019 and is currently serving his term of supervised release.

[3] In relevant part, section 2255(h) provides that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain . . . a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h)(2).  *Johnson* announced

3

and 2244(b)(3)(A), Franklin received authorization from this Court to file a second

or successive § 2255 motion based on the Supreme Court's then-recent decision in

*Johnson*, 135 S. Ct. at 2557–58, 2563, which held that the residual clause of the

ACCA was unconstitutionally vague.

In his counseled second § 2255 motion,[4] Franklin argued that neither his

prior 1987 Florida conviction for robbery with a firearm, attempted robbery with a

firearm, and aggravated assault, nor his 1997 Florida conviction for attempted

armed robbery qualified as violent felonies for purposes of the ACCA

post-*Johnson*.  Notably, he did not raise any challenge to his 1987 conviction for

battery on a law enforcement officer.  In response, the government argued that all

of the prior convictions originally identified in the PSI qualified as violent felonies

under the ACCA's elements clause, and, therefore, he was not entitled to relief.

The district court first determined that the record was unclear as to whether

Franklin was sentenced under the ACCA's residual clause, the elements clause, or

the enumerated offenses clause.[5]  Nevertheless, the district court determined that

---

such a rule.  *See Welch v. United States*, 136 S. Ct. 1257, 1264–65, 1268 (2016).

[4] The district court *sua sponte* appointed counsel for Franklin, and counsel thereafter filed a § 2255 motion.

[5]  As the magistrate judge noted in the report and recommendation, at the time of the district court proceedings on Franklin's second § 2255 motion, the movant's burden of proof was unclear in cases such as Franklin's where the record was silent as to which clause the district court had relied.  *Compare In re Chance*, 831 F.3d 1335 (11th Cir. 2016) (suggesting that the § 2255 movant just needed to show that the district court may have relied on the residual clause),

Franklin was not entitled to relief because his prior convictions for armed robbery, attempted armed robbery, and battery on a law enforcement officer[6] all qualified as predicate violent felonies under the ACCA's elements clause.  Accordingly, the district court dismissed Franklin's second § 2255 motion and denied a COA.

Franklin filed a motion to alter or amend judgment, pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, arguing that the district court erred in upholding the ACCA enhancement because his prior conviction for battery on a law enforcement officer is not categorically a violent felony under the ACCA's elements clause.  The district court denied this motion, noting that this was the first time Franklin made any argument concerning his battery on a law enforcement officer conviction, and that, under the modified categorical approach, it properly considered information contained in the PSI in determining that this conviction qualified under the ACCA's elements clause.

Franklin filed a notice of appeal and sought a COA from this Court, which was denied.  He then filed a petition for a writ of *certiorari* with the United States Supreme Court.  The Supreme Court granted the petition, vacated this Court's

---

with *In re Moore*, 830 F.3d 1268 (11th Cir. 2016) (suggesting that the movant had to show that the district court actually relied on the residual clause).

[6] Notably, the magistrate judge concluded that, although the parties had not raised any challenge to Franklin's conviction for battery on a law enforcement officer, the conviction did not qualify as a violent felony for purposes of the ACCA post-*Johnson*.  The government objected to this finding.  The district court determined that this conviction was a qualifying violent felony under the modified categorial approach.

5

COA denial, and remanded the case for further consideration in light of the Solicitor General's response memorandum, in which the government agreed with Franklin that his prior conviction for battery on a law enforcement officer did not categorically qualify as a violent felony under the ACCA's elements clause. *Franklin v. United States*, 139 S. Ct. 1254 (2019).

On remand and prior to briefing in this Court, Franklin and the government jointly moved for summary reversal of the district court's order denying the second § 2255 motion, requesting that the judgment be vacated and the case remanded to the district court so that the parties could brief, and the district court could consider, the impact of this Court's intervening decision in *Beeman v. United States*, 871 F.3d 1215, 1221–22 (11th Cir. 2017), which held that in order to prove entitlement to relief based on *Johnson*, the movant must show that the district court "more likely than not" relied on the residual clause, and solely on the residual clause in imposing the ACCA enhancement.  We granted the motion.

On remand in the district court, Franklin filed a supplemental memorandum, arguing that, based on the "legal landscape" at the time of his 2007 sentencing, it was "more likely than not" that the district court relied on the residual clause in counting his battery on a law enforcement officer conviction as an ACCA predicate violent felony.  Specifically, he asserted that: (1) at his 2007 sentencing, it was clear in this Circuit that Florida battery convictions qualified under the

ACCA's residual clause, which is why he did not object at sentencing, and given his lack of objection, there would have been no reason for the district court to consider the elements clause; (2) whether a battery on a law enforcement officer conviction qualified under the ACCA's elements clause was "uncertain" at that time; (3) courts were permitted, and arguably even encouraged, to impose ACCA enhancements under the residual clause; and (4) it was not until 2008, after his sentencing, "that the Supreme Court put any constraint on using the residual clause as the go-to path for the enhancement."

The government responded that, five months prior to Franklin's sentencing, we issued *United States v. Llanos-Agostadero*, 486 F.3d 1194, 1197 (11th Cir. 2007), *overruling recognized by United States v. Diaz-Calderone*, 716 F.3d 1345, 1349 (11th Cir. 2013), which held that Florida aggravated battery on a pregnant women was a crime of violence under one of the Sentencing Guidelines' provisions, and in doing so, we drew parallels to Florida battery on a law enforcement officer as a crime of violence under the Sentencing Guidelines' career-offender provision's elements clause, U.S.S.G. § 4B1.2(a). The government explained that the definition of a "crime of violence" for purposes of the career-offender provision was virtually identical to the definition of a violent felony under the ACCA, such that decisions about one have been applied to the other. Accordingly, the government maintained that the law in this Circuit at the time of

7

Franklin's sentencing was clear that Florida battery on a law enforcement officer was a crime of violence under the Guidelines' career offender provision's elements clause, and, in turn, was a violent felony under the ACCA's elements clause. Thus, Franklin could not show that it was more likely than not that the district court relied solely on the residual clause in imposing the ACCA enhancement.

Upon review, the district court acknowledged that it had no independent recollection of Franklin's 2007 sentencing. However, it agreed with the government that, in light of *Llanos-Agostadero*, it was not more likely than not that it relied on the residual clause in counting Franklin's Florida battery on a law enforcement officer conviction as an ACCA violent felony. The district court explained that it "would not have ignored binding precedent" and instead would have determined that the conviction in question qualified under the ACCA's elements clause. Accordingly, Franklin was not entitled to relief. Franklin subsequently moved for a COA, noting that there was a circuit split as to the burden of proof a § 2255 movant asserting a *Johnson*-based claim must meet with the First, Fifth, Sixth, Eighth, Tenth, and Eleventh Circuits adopting the "more likely than not" standard, and the Second, Third, Fourth, and Ninth Circuits adopting the "may have" relied on standard (which was the standard originally applied by the district court in ruling on Franklin's second § 2255 motion). The

8

district court granted Franklin's request for a COA as set forth above.  This appeal followed.

## II.  Standard of Review

"[W]e review the district court's legal conclusions in a § 2255 proceeding *de novo* and the underlying facts for clear error."  *Farris v. United States*, 333 F.3d 1211, 1216 (11th Cir. 2003).  Further, under the prior-panel-precedent rule, "a prior panel's holding is binding on all subsequent panels unless and until it is overruled or undermined to the point of abrogation by the Supreme Court or by this Court sitting *en banc*."  *United States v. Archer*, 531 F.3d 1347, 1352 (11th Cir. 2008).  Finally, "the scope of our review . . . is limited to the issue[] enumerated in the COA."  *McKay v. United States*, 657 F.3d 1190, 1195 (11th Cir. 2011).

## III.   Discussion

Franklin argues that *Beeman*, in which we adopted the "more likely than not" burden of proof, was wrongly decided for various reasons.[7]  Franklin's claim is foreclosed by binding precedent as *Beeman* remains the applicable standard § 2255 movants asserting *Johnson*-based claims must meet in this Circuit.  *Archer*, 531 F.3d at 1352; *see also Smith v. GTE Corp.*, 236 F.3d 1292, 1303 (11th Cir.

---

[7] Franklin acknowledges that his claim is foreclosed by binding precedent and that he is simply preserving the issue for Supreme Court review.

2001) ("[W]e categorically reject any exception to the prior panel precedent rule based upon a perceived defect in the prior panel's reasoning or analysis as it relates to the law in existence at that time.").

Alternatively, in its § 2255 order, the district court indicated "it would not have ignored binding precedent" and instead at the time of sentencing would have determined that the conviction in question qualified under the ACCA's elements clause. Since *Johnson* did not involve the elements clause, Franklin's *Johnson*-based claim fails. In other words, even the "may have relied on" burden does not help Franklin. Accordingly, we affirm.

**AFFIRMED**.